JOSEPH L. AUTEN v. CITY OF ASHEVILLE.

(Filed 3 November, 1937.)

**Attorney and Client §§ 9, 10—**

Allegations that plaintiff attorney was employed by certain taxpayers of a municipality, and succeeded in having a judgment obtained against the municipality in the action reversed on appeal, to the municipality's great benefit, are insufficient to support an action against the municipality for the services rendered upon implied contract, nor would plaintiff be entitled to a lien for his services.

APPEAL by defendant from *Sink, J.,* at April Term, 1937, of BUN-COMBE.

Civil action instituted in the General County Court of Buncombe County to recover for services rendered as counsel in litigation resulting in benefit to the defendant.

The gravamen of the complaint is that in December, 1934, plaintiff was employed by a number of citizens and taxpayers to intervene in the case of "W. C. Moreland v. City of Asheville," then pending in the Superior Court of Buncombe County, for the purpose of appealing from a judgment rendered therein adverse to the defendant, the city having abandoned its appeal, which intervention was allowed and resulted in great benefit to the defendant, the judgment having been reversed, 208 N. C., 35; wherefore, plaintiff demands $6,600, counsel fees as upon implied contract or *quantum meruit.*

A demurrer was interposed by the defendant on the ground that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled in the General County Court and this ruling was affirmed on appeal to the Superior Court. Defendant appeals, assigning error.

*J. Will Pless, Sr., for plaintiff, appellee.*
*Philip C. Cocke, Jr., for defendant, appellant.*

STACY, C. J. It is not alleged in the complaint that plaintiff was one of the interveners in the case of *"Moreland v. Wamboldt,"* reported in 208 N. C., 35. The allegation is that he represented certain citizens and taxpayers who intervened therein for the purpose of appealing from the judgment rendered against the city of Asheville. True, he alleges the intervention resulted in great benefit to the defendant, but this was brought about by the action of his clients, the interveners. It would seem that the plaintiff has sued the wrong party. His right of action, if any he have, is against those who employed him. *Grant v. Lookout Mountain Co.,* 93 Tenn., 691, 28 S. W., 90, 27 L. R. A., 100; *Meeker v. Winthrop Iron Co.,* 17 Fed., 48. An implication upon an implication, such as plaintiff here invokes, finds no support among the authorities to sustain his action. He is not permitted to take this short cut. *Non constat* that the interveners may not be content to bear their loss or to defray the expenses which they incurred. The plaintiff has no lien for his services. *Stephens v. Hicks,* 156 N. C., 239, 72 S. E., 313.

The complaint is bad as against a demurrer.

Reversed.