By the Court.
 

 In considering this appeal, the important question for determination is whether the contract involved was authorized or valid.
 

 The State Insurance Fund possesses peculiar charac
 
 *663
 
 teristics. It owes its existence to legislative action by the General Assembly of Ohio and is created through compulsory contributions by certain employers of labor for the beneficient and salutary purpose of compensating workmen and their dependents for accidental injuries, disabilities or death occasioned to the workmen by their engagement in industrial pursuits.
 

 Negligence and contributory negligence do not affect the right to compensation, the test of the right to an award being whether the employment had some causal connection with the injury, disability or death, by reason of its activities, its conditions or its environments. 42 Ohio Jurisprudence, 665, Section 77.
 

 Theoretically at least, a primary object of the Workmen’s Compensation Law is to afford a speedy and inexpensive method for the adjustment and payment of compensation claims, without the delay and expense incident to litigation as was formerly the case. The presumption exists that the Industrial Commission will act fairly and impartially in disposing of the claims brought before it. As a matter of fact, the vast majority of claims terminate in the commission upon the findings and orders of that body.
 

 It cannot be denied that in the presentation and prosecution of a workman’s compensation claim the services of a capable and experienced attorney are often desirable and even necessary, and that he is entitled to and should receive a reasonable fee for the services rendered. This was recognized by the General Assembly in the enactment of Section 1465-111, General Code, relating to “services in matters before the Industrial Commission.”
 

 As a further indication of its cognizance of the propriety of attorney fees in workmen’s compensation cases, the General Assembly enacted Section 1465-90, General Code, relating to the allowance of fees for services performed in the Court of Common Pleas. Legislation of this character might well be extended
 
 *664
 
 and liberalized. Attorney fees for the prosecution of cases in all the courts could be provided for, as has been done in other states. Statutes in some of the states allow attorney'fees up to one-third of an award, when approved by specified authority. Suggestions along this line have been made, but have as yet met with no response from the legislative branch of our state government.
 

 Section 35, Article II of the Ohio Constitution, now reads:
 

 “For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen’s employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon-which payment shall be made therefrom. * * *”
 

 From the above statement it is apparent that the people of Ohio were interested principally in seeing that any fund which might be established would be dispensed primarily for the benefit of workmen and their dependents, and its distribution was therefore made dependent on legislative approval.
 

 This court is in sympathy with the proposition that fair and adequate attorney fees should be provided for in workmen’s compensation cases; but under both the letter and the spirit of the Constitution, such fees, and contracts relating thereto, based upon payments from the State Insurance Fund, must find sanction in statutory expressions of the General Assembly.
 

 Of course we do not mean to imply that a claimant may not select an attorney and contract for his services, but we do mean to say that any arrangement as to fees must not run
 
 contra
 
 to applicable parts of Sections 1465-90 and 1465-111, General Code, or extend beyond their terms and plain implications.
 

 Provisions in workmen’s compensation acts limit
 
 *665
 
 ing the amounts which attorneys may charge claimants in connection with prosecuting their claims, and making such fees subject to approval by a designated tribunal have frequently been upheld. See
 
 Yeiser
 
 v.
 
 Dysart,
 
 267 U. S., 540, 69 L. Ed., 775, 45 S. Ct., 399;
 
 Woodward Iron Co.
 
 v.
 
 Bradford,
 
 206 Ala., 447, 90 So., 803;
 
 Buckler
 
 v.
 
 Hilt,
 
 209 Ind., 541, 200 N. E., 219, 103 A. L. R, 901;
 
 Gritta’s Case,
 
 241 Mass., 525, 135 N. E., 874;
 
 May
 
 v.
 
 Hoertz & Son,
 
 204 Mich., 432, 170 N. W., 305;
 
 Sarja
 
 v.
 
 Pittsburgh Steel Co.,
 
 154 Minn., 217, 191 N. W., 742.
 

 In the much discussed case of
 
 Adkins
 
 v.
 
 Staker,
 
 130 Ohio St., 198, 198 N. E., 575, this court had occasion to pass upon a contingent contract for attorney fees in a workmen’s compensation case. It was there held that a contingent contract under which. an attorney was to receive from a claimant for his services one-half of any award made is against public policy and invalid. A majority of the court adheres to the decision in the
 
 Staker case
 
 and is unable to distinguish it in principle from the instant case.
 

 The members of this court recognize the validity of contingent fee contracts generally and appreciate the fact that there is something to be said from a practical standpoint for their sanction, assuming their reasonableness in workmen’s compensation cases where an attorney works diligently, capably and successfully for his client; but we cannot escape the inhibitions contained in our organic and statutory law by approving a contract of the type presented in the instant, case, ignoring as it does the existing statutory expressions as to attorney fees. If contingent fee contracts, whereby an attorney is to receive a substantial part of any award made, are to meet approval in Ohio, the General Assembly is the agency, under the Constitution, to say so.
 

 It follows that the judgments of the Court of Common Pleas and of the Court of Appeals are reversed
 
 *666
 
 and the cause remanded to the Court of Common Pleas for further proceedings not inconsistent with this opinion.
 

 Judgment reversed and canse remanded.
 

 Weygandt, C. J., Zimmerman, Williams, Myers and Hart, JJ., concur .
 

 Day and Matthias, JJ., dissent.