STATE, ex rel. RICE, Relator, v. INDUSTRIAL COMMISSION, Respondent.

Ohio Appeals, Tenth District, Franklin County.

No. 5643. Decided March 11, 1958.

Rice, Rice & Rice, Edward Everett Rice, Jr., of Counsel, Hamilton, for relator.

William Saxbe, Atty. Genl., John R. Barrett, Asst. Atty. Genl., Columbus, for respondent.

## OPINION

By MILLER, J.

This is an action in mandamus wherein the relator is seeking an order requiring the respondent to (1) Reconsider its order allowing the relator $750.00 as attorney's fees; (2) Provide for the payment of the same out of the funds in respondent's hands due to his client, Williams; and (3) That the court indicate a sum which would constitute a reasonable and equitable fee for the services of the relator as exemplified by the record made before the Industrial Commission in case No. 1715272.

The record reveals that the relator, Edward Everett Rice, is a duly licensed and practicing attorney at law specializing in claims filed before the Industrial Commission of Ohio, the respondent herein; that as such attorney he was employed to prosecute the claim of one Bird Williams for personal injuries received by him while employed by the Evening News Publishing Company which was amenable to the provisions of the Workmen's Compensation Act; that two written contracts were entered into with Williams fixing fees. The first one was on a 20% fee basis, but after the claim was denied an appeal to the Courts became necessary, where-

upon a supplemental contract was entered into fixing the fee at 33-1/3% of any amount recovered. The relator recites and the answer admits the disallowance of the claim by the District Board of Claims, the application for reconsideration, its denial, the filing of an application for a rehearing, taking proof and submitting the record to the respondent. It also admits the review of said claim and the recommendation of disallowance by the legal section of the respondent and then its subsequent allowance; that other motions were filed and denied; that a request was made to the Commission to fix fees in a reasonable amount and on a quantum meruit basis. This was fixed by the respondent at $750.00 in addition to that which had already been paid.

It is urged that the Commission abused its discretion because of the inadequacy of the amount. There can be no doubt but that much time, effort and skill were exercised by the relator, but in giving consideration to the amount of the fees, the amount of the award enters into the picture. Under the provisions of §4123.51 R. C., when the fees may be taxed as part of the costs of a legal proceeding, they are based upon a percentage of the amount of the award, but in no event shall such fee exceed $500.00. The record further reveals the award for the permanent disability was $100.00 per month in addition to the amount that had already been allowed for temporary disability. The relator admits having received $932.00 previous to the $750.00 allowance, making a total fee of $1682.00. For the foregoing reasons we are of the opinion that the Commission did not abuse its discretion in the amount it fixed. It also should be noted that the amount allowed is only directory since we find no provision in the statute requiring the respondent to pay any fees except when legal proceedings are had and then the same shall be taxed against the unsuccessful party.

Sec. 4123.6 R. C., requires that the compensation allowed shall be paid only to the employees or their dependents; hence, the respondent is not authorized to order any part of the compensation paid to the relator for attorney fees. The relator urges that under the provisions of §4123.06 R. C., the Commission is empowered to make rules concerning the payment of fees, protect the parties against unfair fees and fix the amount in the event of a controversy in respect thereto. The respondent complied with this section when it fixed the fees, but as previously stated, had no authority to order the same deducted from the monthly payments. Sec. 4123.68 R. C.

We are referred to the case of West, Gdn. v. Levin, et al., 32 Abs 446, which differs from our case in that the guardian of the claimant, who was an incompetent person, asked the court to fix attorney fees for prosecuting a claim before the Industrial Commission. It appears that the attorneys had entered into a written contract with the claimants on a fee basis, but since he was found to be an incompetent person the contract was void. The guardian was seeking a determination of the amount to be paid out of the estate of the ward and not asking that the fees be paid by the Industrial Commission. It also appears from the cited case that the guardian had been paid the sum of $7026.76 and that there was also acquired an unpaid compensation in the sum of $2511.60. The

guardian, therefore, had funds available in his ward's estate which could be applied to the fees earned by counsel. Clearly, under these facts counsel were entitled to a reasonable compensation for the services they had rendered.

For the foregoing reasons the writ will be denied.

PETREE, PJ, BRYANT, J, concur.