Per Curiam.

The recovery in this action is not based on any contract between plaintiffs and defendant-appellant, Onassis, nor any situation analogous to that presented in Flamm. v. Noble (296 JST. Y. 262). Plaintiffs’ cause of action is based on a lien for professional services rendered not to Onassis but to their own client, which has been held to cover settlement funds in the hands of Onassis. Plaintiffs’ client, H. P. Drewry, S. A. R. L., was brought into the action as a necessary party (Oishei v. Pennsylvania R. R. Co., 101 App. Div. 473), which is primarily liable for the recovery insofar as Onassis is concerned. Consequently Onassis could not pay the lawyers for his adversary, H. P. Drewry, S. A. R. L., until the entry of a judgment binding on H. P. Drewry, S. A. R. L., which occurred April 9, 1956. The judgment appealed from should be modified so as to eliminate interest accruing prior to that date. Section 480 of the Civil Practice Act does not apply to this situation. Costs of the appeal are allowed to the defendant-appellant.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke concur.
Judgment modified in accordance with the opinion herein and, as so modified, affirmed, with costs to appellant.