RUSSELL L. BROWN,

*Appellant*

(Defendant Below)

vs.

STATE OF WYOMING EX REL. CHARLES B. MORGAN, STATE TREASURER,

*Appellee*

(Plaintiff Below)

(No. 2839; January 20, 1959; 334 Pac. (2) 502)

356

For the appellant the cause was submitted upon the brief of Pence and Millett of Laramie, Wyoming, and oral argument by George J. Millett.

For the appellee the cause was submitted upon the brief of Honorable Thomas O. Miller, Attorney General, and Sterling A. Case, Assistant Attorney General, both of Cheyenne, Wyoming, and oral argument by Mr. Case.

Heard before Blume, C. J. and Harnsberger and Parker, JJ.

## OPINION

Mr. Chief Justice Blume delivered the opinion of the court.

This is a case in which the State of Wyoming, appellee herein and plaintiff below, on the relation of Charles B. Morgan, State Treasurer, sought to recover from the appellant herein and defendant below a portion of compensation paid to him from the Industrial Accident Fund of this state. The case was submitted to the trial court without a jury on an agreed statement of facts.

The Industrial Accident Fund of this state is in the control of the Wyoming State Treasurer. On August 8, 1953, the defendant, Russell L. Brown, was physically injured while in the employment of Etlin Peterson Construction Company of Wyoming. At the time of the injury, the defendant was engaged in an extra-hazardous occupation and was covered by the Wyoming Workmen's Compensation Law W.C.S. 1945, § 72-101 et seq. As a result there was paid for and on behalf of the defendant from the said fund the sum of $13,759.-16. Most of this amount consisted of hospital and medical expenses. Only the sum of $1,900 was paid directly to the defendant pursuant to an order of the District Court of Albany County on account of temporary total disability resulting from the injury sus-

tained by him. The defendant claimed that his injury was caused by reason of the negligence of the Ashworth Transfer Company, a co-partnership. So on September 25, 1954 the defendant, Russell L. Brown, instituted a civil action in the District Court of Albany County against that partnership. The suit was compromised as a result of which the sum of $22,500 was paid to the defendant by the partnership above mentioned. Thereupon the state demanded from the defendant a portion of the amount of money paid to the latter by the partnership, pursuant to the provisions of § 9, Ch. 143, S. L. of Wyoming, 1951, which reads in part as follows:

"Where an employee coming under the provisions of this Act receives an injury under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee if engaged in extra-hazardous work for his employer at the time of the injury, shall not be deprived of any compensation which he would otherwise receive under this Act. He may also pursue his remedy at law against such third person, provided that he shall not be entitled to a double recovery, and in the event that such employee recovers from such person, he shall be entitled to retain only the excess over any compensation paid to him, and must reimburse the Industrial Accident Fund for all moneys advanced to him for such injury, less not to exceed thirty-three and one-third (33 1/3%) per cent for its share of the costs of such recovery and the net amount reimbursed shall be credited to the account of the employer. * * *"

The amount demanded from the defendant was the sum of $9,172.76, being two-thirds of $13,759.16 paid to the defendant from the Industrial Accident Fund. The defendant claimed that the state was entitled to the return of only $1,266.67, being two-thirds of the $1,900 directly paid to him, and that he offered to

pay that amount. He contended that the term "compensation" does not include any medical, hospital or other expenses except the amount directly paid to him in the sum of $1,900. The state refused this offer and thereupon commenced the present action, contending that there should be paid to the Industrial Accident Fund the sum of $9,172.76. The court gave judgment against the defendant in favor of the state in the sum demanded on the part of the latter and allocated part of that amount to Etlin Peterson Construction Company and the remainder to the Industrial Accident Fund of the state. From the judgment so rendered, the defendant, Russell L. Brown, appellant herein and defendant below, has appealed to this court, and he will hereafter be referred to as the defendant or appellant.

1. Counsel for appellant argue that the statute hereinbefore quoted, namely, § 9, Ch. 143, supra, should be strictly construed as derogatory to the common law. We do not think so. Workmen's compensation acts are the product of the twentieth century. The legislature has the power to attach conditions to the payments to be made under the Workmen's Compensation Law of this state even though a condition affects an amount recovered from a third party. Counsel have cited us to some cases in which the injured party is entitled to payment under the Act as well as to any amount which may be recovered from a third party, but that is not the law of this state. All this court can do is to fairly construe the statutes of this state and apply them.

2. The parties herein stipulated as follows: "That of the said $13,759.16 paid from the Industrial Accident Fund, approximately $2,800.00 was charged against the account of Defendant's employer and the

balance thereof was paid from the Industrial Accident General Fund."

The statute above quoted provided that "the net amount reimbursed shall be credited to the account of the employer." This net amount was considered herein to be $9,172.76. So counsel for appellant argue that since only $2,800 was, under the foregoing stipulation, charged against the account of the employer and deducting that from $9,172.76, the employer would make a profit at the expense of the employee of $6,372.-76. That this is a fallacy is clear. Section 21, Ch. 143, S. L. of Wyoming, 1951, provides as follows:

"For the purpose of encouraging care on the part of employers, and thus decreasing accidents to employees, and to the end that each employer shall compensate all injuries to the workmen of such employer and not those of other employers, the State Treasurer shall keep a separate account for each employer so contributing to the Industrial Accident Fund, and shall charge against the account of each employer all warrants paid from said fund:

"(a) As awards for injuries to employees of such employer;

"(b) In payment of medical and surgical supplies and medical or hospital attendance of an employee of such employer;

"(c) In payment for investigations of accidents of such employer, or in payment of investigation of injuries to his employees;

"(d) In payment of witness fees and other costs as herein provided in cases wherein an order of award is granted to the employee of such employer."

It is clear under this statute that the employer pays all the compensation which is to be paid from the In-

dustrial Accident Fund to an employee and it must be charged to the account of the employer. We cannot assume that the managers of the Industrial Accident Fund have violated the statute and have failed to charge the amount to the employer's account as required; and, that amount having been charged to his account, that account is rightly entitled to be reimbursed as the statute provides. We do not know the exact meaning of the foregoing stipulation. If it contains anything which is contrary to § 21, Ch. 143, supra, it is illegal and void. It should have been made plainer. It probably refers to a matter of bookkeeping between the Industrial Accident Fund and the employer. Under § 18, Ch. 143, S. L. of Wyoming, 1951, the employer pays in any event five per cent of the money earned by each employee. Section 22 of the same Act provides for additional payments to be made if the account of the employer is overdrawn, although the amount overdrawn does not need to be paid at once but may be paid over a period of time. It may be that in the case at bar the employer's account contained a large amount of credit and only $2,800 was necessary to balance it, so as to enable the employer to pay only the minimum monthly payment required to be made under our compensation statutes. In any event, we think that the stipulation above mentioned referred, as stated above, merely to a matter of bookkeeping. In view of the fact that the statute as above mentioned compels the employer to pay all of the compensation paid to an employee from the Industrial Accident Fund, reimbursement to the employer as contemplated by the statute cannot give the employer a profit of $6,372.76 or any other amount.

3. Counsel for the defendant and appellant contend, as hereinbefore mentioned, that only two-thirds of the amount directly paid to the employee is recoverable

in an action such as before us. The amount so directly paid is, as above mentioned, the sum of $1,900. It is contended that medical, hospital and other expenses are not recoverable. In other words, counsel contend that the term "compensation" does not cover medical, hospital and other expenses. We think counsel are mistaken. It is true that some statutes specifically refer to such expenses but our statute does not. Still, we think the provisions of our statutes are clear. Art. II, § 35, of the Ohio Constitution provides:

"For the purpose of providing compensation to workmen * * *, laws may be passed establishing a state fund * * *."

In McHale v. Industrial Commission of Ohio, 63 Ohio App. 479, 27 N.E.2d 180, 183, the court said:

"The word 'compensation' as used in Section 35 of Article II of the Constitution of Ohio, relating to workmen's compensation, comprehends all payments and disbursements of every character made by the Industrial Commission to or for the benefit of workmen and their dependents, for death, injuries or occupational diseases, occasioned in the course of such workmen's employment."

Art. 20, § 21, of the California Constitution provides that the legislature may "create and enforce a liability on the part of any or all persons to compensate any or all of their workmen for injury or disability, and their dependents for death incurred or sustained by the said workmen in the course of their employment." In Western Metal Supply Co. v. Pillsbury, 172 Cal. 407, 156 P. 491, 494, Ann. Cas. 1917E, 390, the court said:

" * * * Compensation means more than a mere cash payment to an individual. Compensation to employees

for injuries incurred by them may fairly be said to mean, not only a money payment to the employee himself, but provision or indemnification for the various elements of loss which may be the direct result of his injury. It includes, for example, the obligation to provide medical and surgical treatment * * * — an obligation which does not necessarily involve payment in cash to the employee himself.* * *"

This statement was approved in Pacific Employers Ins. Co. v. Industrial Accident Commission, 10 Cal.2d 567, 75 P.2d 1058, 1063, affirmed, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940. In 2 Larson, Workmen's Compensation Law, 1952, § 74.33, the author states:

"The 'compensation' expenditure for which the insurer is entitled to reimbursement includes not only wage benefits but hospital and medical payments as well; this is usually expressly stated, but is the correct result even if the reimbursement provision speaks only of 'compensation' paid.* * *"

Art. 10, § 4, of the Constitution of Wyoming provides in part as follows:

"* * * As to all extra hazardous employments the legislature shall provide by law for the accumulation and maintenance of a fund or funds out of which shall be paid compensation as may be fixed by law * * *."

The legislature in § 33, Ch. 143, S. L. of Wyoming, 1951, provided a compensation schedule and stated in part:

"Each employee, who shall be injured in any of the extra-hazardous employments as herein defined, or the dependent family of any such injured workman, who may die as the result of such injuries, except in cases of injuries due solely to the culpable negligence of such injured employee, shall receive out of the Industrial Accident Fund, compensation in accordance with Sections * * * 48, 49 * * *."

Section 48 provides for the ordinary medical and hospital expenses paid to an injured workman. Section 49 provides for additional medical and hospital expenses. It is clear from the foregoing that the term "compensation" is not limited to the amount directly paid to the employee but includes hospital, medical and other expenses.

According to § 9, Ch. 143, supra, the employee cannot (within the limits hereafter mentioned) receive the benefit of the amount of compensation allowed to him twice—once from the Industrial Accident Fund and again from a third person, although he may retain any amount recovered from a third person over and above the amount of compensation allowed him by the state from the Industrial Accident Fund after subtracting therefrom the amounts authorized therefor as the Industrial Accident Fund's share of the costs of the recovery from the third party. To arrive at the Industrial Accident Fund's share of these costs requires our interpretation of the meaning of the limitation clause as set forth in the applicable statute. The trial court and counsel in the case on both sides have construed it to mean that a flat 33 1/3 percent shall be deducted *from the amount paid to the employee from the Industrial Accident Fund.* That is clearly a misconception. What is meant by recovery? We think this harks back to the previous phrase " in the event that such employee recovers from such [third] person." It cannot mean the amount paid to the employee from the Industrial Accident Fund nor can it mean the amount restored to the Industrial Accident Fund as a result of this proceeding. The cost of recovery is necessarily the cost incident to the recovery of a judgment in or settlement of a damage action or claim against the third party, for it is only in such an action in which any such cost as 33 1/3 percent would be

involved, and the limitation that not to exceed 33 1/3 percent of the *recovery* be deducted from that amount means that 33 1/3 percent of $22,500 is the *maximum* amount which may in any event be deducted from the amounts paid to or on behalf of the employee by the Industrial Accident Fund rather than that 33 1/3 percent of the $13,759.16 paid from the Industrial Accident Fund be deducted from such payments.

This construction is somewhat similar to the provisions in the statutes of other states. See, for example, Ark. Stats. (1947), § 81-1340(a) (2) and § 102-29, Stats. of Wisconsin, which are quoted in the brief of the appellant and defendant herein.

We have noted before that the costs to be deducted from payments made to the employee shall not exceed 33 1/3 percent of the amount recovered. This does not mean that in all cases there should be a flat deduction of the whole 33 1/3 percent, but is a limitation of the amount which the court may deduct. In this case the court evidently concluded that the maximum amount permissible under the law should be allowed. Accordingly, we accept this as the court's determination of the matter and will apply such allowance to the proper amount which is the sum of $22,500 recovered by the employee from the third person. One third of that $22,500 recovery is $7,500. Deducting this sum from the $13,759.16 paid to the employee from the Industrial Accident Fund leaves a balance to be restored to that fund of $6,259.16. The judgment of the trial court must accordingly be reversed with direction to enter judgment in accordance with this opinion.

It is noteworthy that under such a provision the larger the recovery the greater is the deduction from the required reimbursement to the Industrial Accident

Fund. Whether or not this results in inequities and is undesirable are matters within the province of the legislature.

Reversed with Direction.