## BURGESS, Plaintiff, v. OAKLEY, JR., Defendant.

Municipal Court, Toledo.

No. 106017. Decided October 11, 1960.

Burgess & Callahan, Toledo, for plaintiff.
Loren G. Ishler, Toledo, for defendant.

## OPINION

By DRISCOLL, J.

The plaintiff, an attorney, instituted this action against his client to recover attorney fees, payable according to terms of a written contingent-fee contract for prosecuting his claim against the Industrial Commission of Ohio.

The amended petition, including amendments thereof during trial and the alleged agreement, incorporated therein, in substance states that on March 25, 1959, plaintiff and defendant, attorney and client respectively, entered into a written agreement by which the plaintiff agreed to extend his professional services on behalf of defendant in presenting the latter's claim before the Industrial Commission of Ohio; that the defendant agreed to pay plaintiff a fee therefor in an amount equivalent to 25% of any money recovered; that the defendant would pay all expenses incurred in addition to the fee; and that, if there

were no award, the plaintiff was not to receive any fee but only reimbursement for his expenses. It was further alleged that the plaintiff recovered for the defendant, and the latter received from the Industrial Commission of Ohio $7,158.75; that the defendant paid to the plaintiff as part of his fee $332.54, and that defendant owes plaintiff therefor $1,428.89.

In the answer, as amended during trial, the defendant admitted "he entered into a written contract," as alleged; that plaintiff rendered his services as agreed upon; that the defendant is indebted to the plaintiff, but not in the amount alleged; that on March 31, 1960, the Industrial Commission, having been informed that there was a controversy regarding attorney fees in this matter, set $722.00 as the reasonable value of the attorney fee for the plaintiff; that upon said sum the defendant has paid plaintiff $332.54. "The defendant further answering says that the contract upon which plaintiff seeks judgment, if it were established by the plaintiff, would be void because contrary to the established policy of the State of Ohio in respect to contracts of the character and kind alleged."

Supplementing the mutual allegations and admissions in the pleadings, the evidence is that following the execution of the aforesaid agreement, the plaintiff prosecuted defendant's claim to the Industrial Commission's award of $3,152.92 to the claimant for injuries he sustained to his left hand. Upon application for and rehearing of the claim, the Industrial Commission amended its award to $7,043.75 upon finding of loss of the use of the left hand, and awarded an additional amount of $115.00 covering temporary total disability. The plaintiff waived $28.76, representing 25% of the $115.00 awarded for temporary total disability. The Industrial Commission forwarded all payments directly to the defendant. Upon the plaintiff's request of defendant to pay 25% of $7,043.75 on February 22, 1960, the defendant refused payment over and above $332.54, the amount then paid. On April 8, 1960, the Industrial Commission notified plaintiff that on March 31, 1960, the Industrial Commission determined his fee at $722.00.

The sole question before the court is whether a contingent-fee contract, fully performed by an attorney, and mutually agreeable to and executed by a claimant and his said attorney, and personally obligating said client for his attorney's fee provided for in said contract covering legal services in prosecuting the said claimant's interest before the Industrial Commission becomes illegal, void or unenforceable against the claimant solely because the Industrial Commission sets the attorney's fee at less than provided for in the contract.

In this connection, the United States Constitution, Article I, Section 10, provides:

"UNITED STATES CONSTITUTION, ARTICLE I, SECTION 10.

"No state shall * * * pass any * * * Law impairing the Obligation of Contracts, * * *."

Moreover, **Article II, Section 28, Ohio Constitution,** provides:

"**ARTICLE II, SECTION 28, OHIO CONSTITUTION.**

"The general assembly shall have no power to pass * * * laws impairing the obligation of contracts; but may, by general laws, authorize

courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, * * *." (Emphasis supplied.)

The legal power of the Industrial Commission radiates from **Article II, Section 35, Ohio Constitution.** Reference thereto clearly shows that Section 35 in no way directly or by interpretation or inference amends the provisions of **Article II, Section 28, Ohio Constitution. Article II, Section 35, Ohio Constitution,** provides that "laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which **payment shall be made therefrom."** Emphasis supplied.)

It will be noted that counsel for the defendant contends that the contract in this instance is void because it is contrary to the established policy of the State of Ohio in respect to contracts of the character and kind alleged. The Supreme Court of Ohio has passed upon this question in **Adkins v. Staker et al, 130 Oh St 198.** In that case the Supreme Court held that the chief purpose of **Article II, Section 35, Ohio Constitution,** is to establish a state fund by levy of compulsory contributions for providing compensation to workmen or their dependents, and that under the provisions of that section the legislature has been invested with the power of determining the terms and conditions upon which payment shall be made **out of the fund.**

The factual situation in the Adkins case is not similar to that in the instant case, nor did the Supreme Court there pass upon the significance of Article I, Section 10, of the Constitution of the United States, or **Article II, Section 28, Ohio Constitution.** However, there the Supreme Court did pass upon the validity of contingent-fee contracts. Judge Jones, writing the opinion for the court, stated:

"In this country, the weight of authority recognizes the validity of contracts for contingent fees and they have been sustained in this state in several cases, the last being **Roberts et al, partners, v. Montgomery, 115 Oh St 502; 154 N. E. 740."**

In reference to validity of contingent-fee contracts, attention is invited to **McCamey v. Payer, 135 Oh St 660,** decided July 12, 1939, wherein the Supreme Court held contingent-fee contracts in Industrial Commission cases valid. Study of the opinion in that case indicates that the Industrial Commission by virtue of legislative enactments pursuant to **Article II, Section 35, Ohio Constitution,** may limit attorney fees, but only when and to the extent such fees are payable out of the fund administered by the Industrial Commission.

It is stated in the latter part of the opinion in the McCamey case.

"The members of this court recognize the validity of contingent fee contracts generally and appreciate the fact that there is something to be said from a practical standpoint for their sanction, assuming their reasonableness in workmen's compensation cases where an attorney works diligently, capably and successfully for his client; but we cannot escape the inhibitions contained in our organic and statutory law by approving a contract of the type presented in the instant case, ignoring as it does the existing statutory expressions as to attorney fees."

For reference see §§4123.06 and 4123.519 R. C.

See also **Carson v. Beall, 18 O. O. 272,** decided by the Court of Appeals, Hamilton County, March 8, 1937; **Szabo v. Warady, 36 Abs 407,** decided by Court of Appeals, Hamilton County, June 1, 1942; **Terrell v. Wardlaw, 41 Abs 577,** decided by Court of Appeals, Franklin County, March 8, 1944; **Rice v. Pigman, 94 Oh Ap 122,** decided by Court of Appeals, Butler County, April 23, 1953; **State, ex rel. Rice v. Industrial Commission, 79 Abs 183,** decided by Court of Appeals, Franklin County, March 11, 1958.

The presumption is entertained as represented by the Supreme Court in its opinion in the McCamey case that the Workmen's Compensation Law was effected for the benefit of injured employees or their dependents. The court stated in that case,

"It cannot be denied that in the presentation and prosecution of a workman's compensation claim the services of a capable and experienced attorney are often desirable and even necessary, and that he is entitled to and should receive a reasonable fee for the services rendered."

The purpose of the law and the necessities of a claimant challenge public policy, if it be that a claimant's interests before the Industrial Commission are to be subjected to the Industrial Commission's authority to control the fees payable personally by the claimant to his attorney and not out of the trust fund. It is obvious that if one party to a legal action may control the fees payable by a contending party to his attorney, said party having such control can limit the activities of a claimant's attorney and, as a consequence thereof, may even eliminate contention and even "the services of a capable and experiencd attorney" which "are often desirable and even necessary." No attorney should be put to choose between his devotion to and zeal for his client's cause and the fees allowable to him therefor by his opponent.

It should be observed that in this case the attorney fees are not paid out of the trust fund created by law, as are medical bills and similar expenses incidental to establishing the claim and the value thereof. The contract for legal services here is a personal obligation established by contract subject to the same defenses as in the case of any other contract for personal services.

There being no other defenses to the contract presented by the pleadings or the evidence in this instance, other than the purported defense that the amount payable by the defendant would be in excess of what the Industrial Commission would have approved for payment out of the trust fund or would have approved for assignment pursuant to the provisions therefor in the contract, the contingent-fee contract is sustained.

The court finds the plaintiff should recover from the defendant, pursuant to the terms of the contingent-fee contract and for services performed on behalf of the defendant, 25% of the final award in the amount of $7,158.75 or $1,789.69, less the amount paid by the defendant to the plaintiff in the amount of $332.54, and less $28.76, being 25% of $115.00, representing recovery for temporary total disability, which amount was waived by the plaintiff. In other words, the court finds that the plaintiff is entitled to recover from the defendant $1,428.39, plus his

costs incurred in the prosecution of this case, for which judgment is granted the plaintiff and against the defendant.