**WYOMING STATE TREASURER ex rel. WORKER'S COMPENSATION DIVISION, Appellant (Intervenor below),**

v.

**Terry Dean McINTOSH, Appellee (Plaintiff below),**

**Heil Company, a corporation, et al., (Defendants below).**

**Terry Dean McINTOSH, Appellant (Plaintiff below),**

v.

**WYOMING STATE TREASURER ex rel. WORKER'S COMPENSATION DIVISION, Appellee (Intervenor below),**

**Heil Company, a corporation, et al., (Defendants below).**

Nos. 4623, 4624.

Supreme Court of Wyoming.

Dec. 13, 1976.

**744**

V. Frank Mendicino, Atty. Gen., Lawrence A. Bobbitt, III, Sp. Asst. Atty. Gen., Cheyenne, for Wyoming State Treasurer ex rel. Worker's Compensation Division.

Mayne W. Miller, Casper, for Terry Dean McIntosh.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

This matter comes to this court upon the consolidation of two appeals arising out of the same industrial accident.

In August, 1970, Terry D. McIntosh, while working for the City of Casper in an employment covered by the Worker's Compensation Act, had his arm severed by a powered hopper mounted on a garbage truck, for which he was paid compensation in the sum of $22,898.24. Suit for third-party negligence was filed by McIntosh against the manufacturer of the garbage compactor, and he recovered damages of $104,413.00. Judgment for this amount, less $10,000.00 which he had previously received through a prior settlement with one of the defendants, was entered. McIntosh deposited $22,898.24 with the district court pending determination of how much was due and owing as refund for compensation benefits paid.

On October 23, 1975, the district court decided that an attorney's lien filed by the employee's attorney against the Division's reimbursement claim was valid and ordered one-third of this claim ($7,632.75) be distributed to the employee's attorney as his fee in satisfaction of his lien.[1] The balance ($15,265.49) was ordered to be paid to reimburse the appropriate accounts in the Industrial Accident Fund. From this decision the Division has appealed.

The district court further found that § 27–54, W.S.1957, C.1967, as amended by Session Laws of Wyoming 1969, Chapter 191 (Repealed in 1975),[2] and not § 27–

1. Wyoming's attorneys' lien statute, appearing at § 29–2, W.S.1957, C.1967, provides:

"§ 29–2. Lien of attorneys on assets of clients.—An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession, in the course of his professional employment, upon money in his hands belonging to his client, and upon money due to his client, and in the hands of the adverse party, in an action or proceeding in which the attorney was employed, from the ,time of giving notice of the lien to that party. . . . "

2. Section 27–54, supra, provided in pertinent part:

" . . . In the event that such employee recovers from such third person, in any manner, including judgment, compromise, settlement or release, the total pro-

ceeds, without regard to the types of damages alleged in such third-party action to be resulted from such injury or injuries, of said recovery shall be divided as follows:

"After deducting the reasonable cost of recovery or collection, which cost shall not exceed thirty-three and one-third per cent (33⅓%), one-third (⅓) of the remainder shall in any event be paid to the injured employee or his personal representative or other person entitled to bring action. Out of .the balance remaining, the industrial accident fund shall be reimbursed, up to ⅔ of the amount of such balance if said ⅔ of the balance be sufficient or to the extent of said ⅔ of the balance if insufficient, for the total amount of all awards received or reasonably anticipated to be received by the injured employee under this Act, including all monies paid to him or in his behalf for doctor and hospital bills,

313, W.S.1957, C.1967, 1975 Cum.Supp.,[3] controlled the distribution of the Division's claim and entered judgment accordingly. From this decision, McIntosh has appealed. We affirm this last-mentioned decision of the trial court.

In resolution of the attorney's-lien question, appellant—State of Wyoming urges the court's consideration of these arguments:

"I. Statutory limitations on attorneys' fees are generally upheld in workers' compensation cases.

"II. In order for an attorney to collect a fee there must exist an attorney-client relationship either by express or implied contract. The Workers' [sic] Compensation Division has no authority to retain counsel for 3rd party cases; therefore, no such relationship could have existed between claimant's counsel and the Division.

"III. The monies contained in the Industrial Accident Fund administered by the State Treasurer are public funds obtained by taxation, controlled by legislative madate [sic], and regulated by a state agency for the public welfare.

"IV. In the absence of constitutional or legislative authority, an attorney can acquire no lien on a public fund or property.

"V. The Industrial Accident Fund should be made available to all injured workers in times of need. To allow 'raids' on the fund would seriously deplete it and would be a departure from established public policy."

The appellee McIntosh generally denies the position of the State and argues:

I. The Worker's Compensation Division would be unjustly enriched if the lien were not allowed for the reason that the worker would be paying the attorney to recover monies to reimburse the employer's account in the Industrial Accident Fund.

II. Section 27–54, supra, does not prohibit the payment of the employee's attorney's fee, to be deducted from that which the Worker's Compensation Division recovers from the employee's third-party monies and, therefore, it is within

and for any other purpose in his behalf. Any balance remaining shall be paid to the employee or his personal representative or other person entitled to bring action; and the total amount of such reimbursement shall be credited and apportioned to the respective fund or funds from which the said awards of compensation were withdrawn."

3. The relevant part of § 27–313, supra, is:
   ". . . If the employee recovers from the third person in any manner including judgment, compromise, settlement or release, the total proceeds, without regard to the types of damages alleged in the third party action, of the recovery shall be divided as follows:
   "(i) After deducting the reasonable cost of recovery or collection not to exceed one-third (⅓) of the recovery, one-half (½) of the remainder shall be immediately paid to the injured employee, his personal representative or other person granted the recovery. Of the balance remaining, except

as hereinafter provided, up to one-half (½) shall be paid to the state treasurer in reimbursement for the total amount of all awards received or in absence of a disclaimer of any unpaid balances to be received by the injured employee under this act including all monies paid to him or in his behalf, less the state's prorata share of costs of recovery or collection. The state treasurer shall credit and apportion the reimbursement to the accounts from which the awards were paid, prorata if necessary. Any balance remaining shall be paid to the employee, his personal representative or other person granted the recovery."

Section 27–54 specifically further provides that the employee shall not be entitled to double recovery, while there is no such provision contained in § 27–313. Both of the aforementioned sections provide that any third-party recovery will be encumbered by a lien in favor of the state to the extent of the State Treasurer's claim for reimbursement under the Worker's Compensation Act.

the Judge's discretion as to whether he will allow it.

III. Under § 29–2, W.S.1957, C.1967, the attorneys' lien statute, the employee's attorney has a lien for a reasonable fee to be paid from the funds to be paid the Worker's Compensation Division out of third-party recovery monies.

When the issues and arguments are reduced to their lowest common denominator, there remains but one question for this court's resolution. It is:

Is the state's statutory lien prescribed in § 27–54 enforceable in the face of an attorney's fee lien claim under § 29–2, for a portion of the amount which the statute provides should be returned to the state?

■ We hold that the trial court erred in deciding that an attorney, under the general attorneys' lien statute, § 29–2, supra, could enforce his lien against those sums set aside by statute out of third-party damages which the legislature, in § 27–54, has specifically mandated will be refunded to the state. The district court's holding on this point is reversed.

■ Section 27–54 contains no provision for the payment of attorney's fees, except through the language of the section which reads:

"After deducting the reasonable cost of recovery or collection, which cost shall not exceed thirty-three and one-third percent (33⅓%) [of the recovery], . . ."

The cost of "recovery or collection" includes attorney's fees.[4]

The statute, therefore, clearly makes allowance for *all* legislatively-contemplated attorney's fees for *all* services rendered in a third-party action. The language about costs (which Brown, supra, holds to include attorney's fees), together with the rest of the statutory-disbursal formula, is unequivocal and unambiguous, leaving no room for court interpretation.[5] The statute provides very simply that there may first be deducted one-third of the third-party recovery for "costs of recovery or collection." One-third of the *remainder* of the recovery must be paid to the employee. *If there are sufficient monies remaining after these two deductions,* the balance (of the third-party fund) is assigned to repayment to the Industrial Accident Fund *all* of the benefits paid the worker. *If, after deducting one-third of the recovery for costs and one-third for the worker, there is not a sufficient balance* with which to reimburse the fund for *all* benefits paid, then only two-thirds of the amount remaining may be applied to fund-repayment—the rest to go to the employee.

There can be no doubt about the plain meaning of the statute which can be ascertained by simply reading it. There is no ambiguity. There is no room for interpretation.

In *Brown v. State*, supra, we held that the state could attach conditions upon the distribution of third-party recovery funds under the Workmen's Compensation Law.[6]

---

4. In *Brown v. State ex rel. Morgan*, 79 Wyo. 355, 334 P.2d 502, 507, when examining the predecessor to § 27–54, supra, we said:
   " . . . The cost of recovery is necessarily the cost incident to the recovery of a judgment in or settlement of a damage action or claim against the third party, . . ."

5. In *Town of Clearmont v. State Highway Commission*, Wyo., 357 P.2d 470, 475, we said:
   " . . . It is well settled that when the language of a statute is plain and unambiguous there is no room for construction and the court is powerless to give it a

different meaning." (Citing *State ex rel. Fawcett v. Board of County Com'rs of Albany County*, 73 Wyo. 69, 273 P.2d 188, and 50 Am.Jur. Statutes § 255.)

6. In *Brown v. State ex rel. Morgan*, supra, where § 9, Chapter 143, Session Laws of Wyoming 1951 (§ 27–54, W.S.1957, C. 1967) was under consideration, we said:
   " . . . The legislature has the power to attach conditions to the payments to be made under the Workmen's Compensation Law of this state even though a condition affects an amount recovered from a third party. . . ."

That is what it has done here. The legislature has provided, with specificity, a formula by which the refunding of disbursed worker's benefit payments will be accomplished.

■ The majority rule is that where the statute provides a limitation upon or formula for the payment of attorney's fees in a Worker's Compensation Act, it must be .followed. The Arizona Supreme Court, in *Ruth v. Industrial Commission,* 107 Ariz. 572, 490 P.2d 828 (1971), has held the employee to be responsible for the repayment of *all* money paid out of the fund in his behalf. The same court recently held in *Liberty Mutual Ins. Co. v. Western Casualty & Surety Co.,* 21 Ariz.App. 363, 519 P.2d 216 (1974), a statute providing the state with a lien on the amount actually expended is not to be made subject to a collection fee.

The Ohio Supreme Court, in the case of *McCamey v. Payer,* 135 Ohio St. 660, 22 N.E.2d 127 (1939), stated that agreements made which are not in accordance with statutory provisions are unenforceable when it said:

"... [W]e cannot escape the inhibitions contained in our organic and statutory law by approving a contract of the type presented [contingent fee contract in excess of statutory amounts for attorneys' fees] ..."

Notwithstanding the provisions of § 27–54, which first reserves to the employee a sum equivalent to one-third of the third-party recovery to be set aside for "reasonable cost of recovery or collection," appellee argues that his attorney has a lien for an additional one-third of all sums which

the statute provides must be reimbursed to the state.

■ There is no statutory authority for such attorney's fee payment to be made by the state or received by the attorney from the state. The attorney was not hired by the state to recover third-party damages— could not have been employed by the state for this purpose—and there is, consequently, no attorney-client relationship between the state and the injured employee's lawyer. The right to a lien arises by contract of employment, express or implied, between an attorney and his client and may not be extended to others who may have an interest in the litigation but who have not employed the attorney.

It was said that an attorney's lien

"... app[lies] solely to the personal relation existing between the attorney and his client, and can in no condition of affairs be extended to or affect the rights of other persons who may be interested in the litigation but who have not employed such attorney ..." *In re Gillaspie* (D.C.W.Va.) 190 F. 88, 91. See also 7 C.J.S. Attorney and Client § 208, p. 1138, "Scope of lien restricted by relation." [7]

■ In Wyoming, since the state may not be a party to actions which seek to recover damages from negligent third persons, the state is not, therefore, subrogated to the rights of the injured employee in any such litigation. For this reason there cannot be an express or an implied contract requiring the state to pay the employee's attorney's fees for collecting the money which, under the statute, must be reimbursed to the state as refund for benefits paid.[8]

---

7. See also *Coyle v. Velie Motors Corporation,* 305 Ill.App. 135, 27 N.E.2d 60; *People ex rel. Jacobson v. City of Chicago,* 289 Ill.App. 622, 7 N.E.2d 505; *Skinner v. Morrow,* Ky., 318 S.W.2d 419; *Morgan v. Onassis,* 5 N.Y. 2d 732, 177 N.Y.S.2d 714, 152 N.E.2d 670; *Turzio v. Ravenhall,* 34 Misc.2d 17, 227 N.Y.S.2d 103; *Auten v. City of Ashville,* 212 N.C. 380, 193 S.E. 387; *Utah C. V. Federal Credit Union v. Jenkins,* Utah, 528 P.

2d 1187; and *Capehart v. Church,* 136 W.Va. 929, 69 S.E.2d 127.

8. It is said in *Sisters of Charity of Providence of Montana v. Nichols,* 157 Mont. 106, 483 P.2d 279, 283 (1971), where the hospital sought to impress its lien upon third-party recovery funds and the accident victim's attorney urged his attorney's lien for a collection fee upon a part of the third-party funds owing the hospital:

The employee says § 27–54 does not *prohibit* the payment of his attorney's fees. The point is, the statute does not *authorize* such payment and, therefore, by exclusion, it prohibits it. The statutory formula precisely sets out how and under what circumstances the refund monies will be returned to the state Industrial Accident account and, since all available monies are specifically assigned and accounted for under the formula—no provision being made for the claimed fee—there is, in effect, a prohibition against its payment.[9]

■ The appellee-employee argues that the effect of holding for the Division is to unjustly enrich the state. That may or may not be true. This court can only concern itself with the statutory interpretation question. It was for the legislature to weigh and ascertain the equities through legislative enactment. It is left to the courts only the task of giving effect to the statute. That is what we must do—that is what this decision does. We do not and cannot pass upon what we might or might not believe is a more or less equitable formulation of statutory disbursement—except to observe that the legislature may have, indeed, agreed with appellee because in 1975 the legislature saw fit to reduce the sums to be refunded to the state in the amount of its

"Prorata share of costs of recovery or collection." (§ 27–313(a)(i), W.S.1957, C.1967, 1975 Cum.Supp.)

We conclude and hold that the attorney for the employee had no lien upon moneys which § 27–54, supra, provides should be refunded to the State of Wyoming. All sums deposited with the district court are ordered refunded to the Worker's Compensation Division.

The trial court's decision in the appeal of McIntosh, No. 4624 in this court, is affirmed, while the decision of the trial court in State Treasurer's appeal, No. 4623 in this court, is reversed.

---

"The attorneys and their client additionally contend, however, that the hospital here is obligated to share in the attorneys' fees and costs of collection on the same basis that a subrogated insurer is obligated to share attorney's fees and costs with its insured in recovery against a third party. This analogy is inapt and the principle inapplicable here. The obligation of the subrogated insurer to share in the costs of recovery from a third party wrongdoer arises because the insurer occupies the position of the insured with coextensive rights and liabilities and no creditor-debtor relationship between them. But here, unlike that situation, the hospital's claim and lien is based upon a debt owed the hospital by its patient in whose shoes it does not stand for any purpose, the debt being owed to it by its patient irrespective of the patient's rights against a third party wrongdoer. Because the substitution principle does not apply here, no obligation arises on the part of the hospital to share in the costs of recovery against a third party, and the attempted analogy fails."

9. In *Lo Sasso v. Braun*, Wyo., 386 P.2d 630, 631–632, we held the general rule to be
"   .   .   that courts cannot supply omissions in a statute and will not read into a statute exceptions not made by the legislature. *Lewis, ROCA, Scoville & Beauchamp v. Inland Empire Insurance Company*, 10 Cir., 259 F.2d 318, 323; *Furman v. Naldon Realty Corp.*, Sup., 210 N.Y.S.2d 140, 142; *Jackson v. State Corporation Commission*, 183 Kan. 246, 326 P.2d 280, 283; *City of Bristow ex rel. Hedges v. Groom*, 194 Okl. 384, 151 P.2d 936, 940; *In re Moore's Estate*, 210 Or. 23, 307 P.2d 483, 65 A.L.R.2d 715, mandate recalled 210 Or. 44, 308 P.2d 180."
We further said in the same case:
"   .   .   As stated in *State ex rel. Morrison v. Anway*, 87 Ariz. 206, 349 P.2d 774, 776, it is a universal rule that courts will not enlarge, stretch, expand or extend a statute to matters not falling within its express provisions.   .   .   . "