I must respectfully dissent from the decision reached by the majority for the following reasons.
Contingency fee contracts in Industrial Commission cases are valid. McCamey v. Payer (1939), 135 Ohio St. 660. Zealous representation of a claim would be hindered if one party to a legal action could control the fees payable to an attorney by the contending party. It is well reasoned in Burgess v. Oakley
(1960), 169 N.E.2d 512 at 515:
 "The purpose of the law and the necessities of a claimant challenge public policy, if it be that a claimant's interests before the Industrial Commission are to be subjected to the Industrial Commission's authority to control the fees payable personally by the claimant to his attorney and not out of the trust fund. It is obvious that if one party to a legal action may control the fees payable by a contending party to his attorney, said party having such control can limit the activities of a claimant's attorney and, as a consequence thereof, may even eliminate contention and even `the services of a capable and experienced attorney' which `are often desirable and even necessary.' No attorney should be put to choose between his devotion to and zeal for his client's cause and the fees allowable to him therefor by his opponent.
 "It should be observed that in this case the attorney fees are not paid out of the trust fund created by law, as are medical bills and similar expenses incidental to establishing the claim and the value thereof. The contract for legal services here are a personal obligation established by a contract subject to the same defenses as in the case of any other contract for personal services. There being no other defenses to the contract presented by the pleadings or the evidence in this instance, other than the purported defense that the amount payable by the defendant would be in excess of what the Industrial Commission would have approved for payment out of the trust fund or would have approved for assignment pursuant to the provisions therefor in the contract, the contingent-fee contract is sustained."
Appellant's effort to distinguish Burgess by the later case ofAdams v. Fleck (1961), 171 Ohio St. 451 fails for the reason thatAdams involved a question whether a settlement check in the hands of counsel was an estate asset. There was no fee contract inAdams, supra.
Finally, pursuant to R.C. 2305.01 the common pleas court is vested with authority to resolve contract disputes. As stated therein:
 "* * * the court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts * * *."
Accordingly, I would therefore affirm the trial court's decision.
APPROVED:
 ___________________________________ EDWARD A. COX, PRESIDING JUDGE