The State v. Satterlee.

---

No. 23,338.

THE STATE OF KANSAS, *Appellee*, v. G. C. SATTERLEE, *Appellant*.

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Negligent Handling of Nitroglycerin—Statute Unconstitutional.* That part of section 3814 of the General Statutes of 1915 which prohibits a person from carelessly or negligently handling or exposing nitroglycerin violates section 10 of the bill of rights of the constitution of the state of Kansas, for the reason that the statute does not name the acts which are prohibited by law. A complaint drawn under that portion of the statute does not charge an offense against the laws of the state of Kansas.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed December 10, 1921. Reversed.

*T. H. Stanford, L. G. Seacat,* both of Independence, *John J. Jones,* and *James A. Allen,* both of Chanute, for the appellant.

*Richard J. Hopkins,* attorney-general, *Donald W. Stewart,* county attorney, and *Orin Slonaker,* assistant county attorney, for the appellee; *S. H. Piper,* of Independence, and *A. G. Armstrong,* of Washington, D. C., of counsel.

The opinion of the court was delivered by

MARSHALL, J.: The defendant, charged with the commission of a misdemeanor under section 3814 of the General Statutes of 1915, was convicted before a justice of the peace, appealed to the district court, was there again convicted, and now appeals to this court.

The complaint charged:

"That . . . the . . . defendant . . . did . . . willfully, wrong-fully and unlawfully, carelessly and negligently handle and expose an automobile loaded with 150 quarts of nitroglycerin, in that he, the said defendant, then and there willfully, wrongfully, unlawfully, carelessly and negligently parked said car in which said 150 quarts of nitroglycerin was stored upon the public highway on the main business street of Liberty, Montgomery county, Kansas."

The statute under which the defendant was prosecuted reads:

"No person, firm or corporation shall at any time, under any conditions, sell, give away or otherwise dispose of any of the explosives named above in the preceding section, to any intoxicated or irresponsible person, nor shall any person, firm or corporation carelessly or negligently handle or expose any of said explosives at any time." (Gen. Stat. 1915, § 3814.)

The explosives named in section 3813 include nitroglycerin. Section 3818 provides penalties for violating section 3814.

The district court denied the motion of the defendant to quash the complaint; that is urged as error. The defendant argues a number of propositions but does not contest the validity of the provision of the statute under which he was prosecuted, although his motion to quash the complaint was sufficient to raise that question. The court is not disposed to hold that a complaint is good when drawn under a statute that is unconstitutional, although the validity of the statute is not specifically questioned. The statute prescribes punishment for anyone who carelessly or negligently handles or exposes nitroglycerin, but does not say what acts constitute carelessness or negligence, thus necessarily leaving the jury to determine what is carelessness or negligence in any particular case. The statute does not name the acts which are prohibited, and a complaint following the statute, containing nothing but statutory allegations—no other would be necessary if the statute were good—does not inform the defendant of the nature and cause of the accusation against him. After the acts which the prosecutor intends to prove, or those named in the complaint, are established by the evidence, it yet remains for the jury to say whether those acts are the ones that are prohibited by law. This renders that portion of the statute prohibiting the careless or negligent handling or exposing of nitroglycerin antagonistic to that part of section 10 of the bill of rights of the constitution of this state which reads:

"In all prosecutions, the accused shall be allowed . . . . to demand the nature and cause of the accusation against him."

A law enacted by congress (41 U. S. Stat. 297), amending section 4 of the Lever act, in part reads:

"That it is hereby made unlawful for any person willfully . . . to make any unjust or unreasonable rate or charge in handling or dealing in or with any necessaries; to conspire, combine, agree, or arrange with any other person . . . (e) to exact excessive prices for any necessaries. . . . Any person violating any of the provisions of this section upon conviction thereof shall be fined not exceeding $5,000 or be imprisoned for not more than two years, or both. .. . ." (p. 298.)

The supreme court of the United States, in *United States v. Cohen Grocery Co.*, 255 U. S. 81, decided February 28, 1921, held that this law violates the sixth amendment to the constitution of the United States, which in part reads:

"In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation."

The supreme court there said:

"The sole remaining inquiry, therefore, is the certainty or uncertainty of the text in question, that is, whether the words 'That it is hereby made unlawful for any person willfully . . . to make any unjust or unreasonable rate or charge in handling or dealing in or with any necessaries,' constituted a fixing by Congress of an ascertainable standard of guilt and are adequate to inform persons accused of violation thereof of the nature and cause of the accusation against them. That they are not, we are of opinion, so clearly results from their mere statement as to render elaboration on the subject wholly unnecessary. Observe that the section forbids no specific or definite act. It confines the subject-matter of the investigation which it authorizes to no element essentially inhering in the transaction as to which it provides. It leaves open, therefore, the widest conceivable inquiry, the scope of which no one can foresee and the result of which no one can foreshadow or adequately guard against. In fact, we see no reason to doubt the soundness of the observation of the court below, in its opinion, to the effect that, to attempt to enforce the section would be the exact equivalent of an effort to carry out a statute which in terms merely penalized and punished all acts detrimental to the public interest when unjust and unreasonable in the estimation of the court and jury. . . .

"It follows from what we have said that, not forgetful of our duty to sustain the constitutionality of the statute if ground can possibly be found to do so, we are nevertheless compelled in this case to say that we think the court below was clearly right in holding the statute void for repugnancy to the constitution, and its judgment quashing the indictment on that ground must be, and it is, hereby affirmed." (pp. 89, 92.)

This decision from the highest and ablest court in the land on a statute in principle so closely parallel to the one now under consideration that it is difficult to draw distinctions between them is very persuasive and is almost conclusive.

The judgment is reversed, and because the defendant cannot be successfully prosecuted under that part of the statute, he is discharged.