## WILES et al. v. PEERSON.

### No. 22508. Nov. 5, 1935.

### Rehearing Denied Dec. 17, 1935.

Conn Linn and T. G. Skinner, for plaintiffs in error.

Ford & Montgomery, for defendant in error.

PER CURIAM. This is an action brought in the district court of Tulsa county by Joe Peerson, through R. F. Peerson, his father and next friend, against George Wiles, Mrs. George Wiles, D. Mose, and Mrs. D. Mose for damages sustained in the loss of an eye suffered by plaintiff as a result of the explosion of a .22 caliber lead cartridge discharged by plaintiff during the month of June, 1928, in a toy pistol purchased by an-

other minor at the hardware store of George Wiles in Bixby, Okla.

After plaintiff filed his petition in the lower court, defendants filed a general demurrer, which was by the court overruled, and the record discloses no exceptions taken by defendants to said ruling. Defendants then filed their separate verified answers, the only allegations here necessary to mention being a denial of the acts complained of, and a further denial that the same constituted any violation of the laws of Oklahoma. Thereafter plaintiff filed his reply in the form of a general denial, and on the issues joined said cause proceeded to trial before a jury.

The principal facts adduced by plaintiff's evidence were that during 1928 the defendant Wiles owned and operated in Bixby, Okla., a hardware store and employed therein the defendant D. Mose as a clerk; that in May of that year Morris Armstrong, an eleven year old friend of plaintiff, purchased at said store from the defendant Wiles a white metal toy pistol, made and designed to shoot .22-caliber blank cartridges, and a few days later loaned it to plaintiff; that plaintiff thereafter took said pistol to the Wiles Hardware store and had D. Mose, the clerk, there gratuitously drill out the barrel of the same so as to allow the passage therethrough of a .22-caliber cartridge loaded with lead; that later that day when plaintiff attempted to fire in said gun a .22-caliber cartridge loaded with lead and procured from a playmate, said cartridge exploded and a portion of its brass shell struck him in the right eye and caused the loss thereof.

At the close of plaintiff's evidence, defendants demurred thereto, which said demurrer was overruled and exception duly taken by defendants. Thereupon defendants introduced their evidence, which adduced substantially the same set of material facts as that of plaintiff, above set forth.

When all of the evidence was in, defendants renewed their objection as to the sufficiency of the evidence by motion for a directed verdict, which was by the court overruled, and exceptions taken, and later defendants moved for judgment notwithstanding the verdict.

Pursuant to verdict of the jury, the trial court on the 27th day of November, 1929, entered its judgment in favor of the plaintiff and against the defendants Wiles and D. Mose in the sum of $2,500.

Thereafter motion for a new trial was duly filed, which said motion was, on the 30th day of December, 1930, overruled, and in open court defendants gave notice of appeal, filed supersedeas bond and in due course perfected their appeal.

Among other allegations in defendants' petition in error is that of the trial court's error in overruling their demurrer to the evidence introduced by plaintiff. The only allegations of negligence which said evidence tended to prove were allegations of negligence per se committed in the alleged violation of sections 1991, 1992, and 1993, Comp. Okla. Stat. 1921. These statutes read:

"1991. Carrying Concealed Weapons. It shall be unlawful for any person in the state of Oklahoma to carry concealed on or about his person, saddle or saddle bags, any pistol, revolver, bowie-knife, dirk, dagger, slungshot, sword-cane, spear, metal knuckles or any other kind of knife or instrument manufactured or sold for the purpose of defense, except as in this article provided.

"1992. Carrying Weapons. It shall be unlawful for any person in the state of Oklahoma to carry upon or about his person any pistol, revolver, bowie-knife, dirk-knife, loaded-cane, billy, metal knuckles, or any other offensive or defensive weapon, except as in this article provided.

"1993. Selling Weapons to Minors. It shall be unlawful for any person within this state to sell or give to any minor any of the arms or weapons designated in the two preceding sections."

Plaintiff's evidence admitted the fact that at the time of its sale the pistol involved was incapable, without alteration, of discharging bullets loaded with lead, and we are of the opinion that the sale of such pistols is not contemplated or included within the meaning of the above statutes, and that had our Legislature intended to include such pistols therein, they would have been specifically named.

By an analysis of the opinions in Parman v. Lemmon, 119 Kan. 323, 244 P. 227, and on rehearing, 120 Kan. 370, 244 P. 232, which has been cited for the point that shotguns do not come within the meaning of such a statute, we find that while the bill from which the same was enacted in Kansas as originally introduced specifically named most of the weapons that the Oklahoma statutes do, yet during the course of its enactment the Kansas Legislature found it necessary, in order to include toy pistols within the meaning of said statute, to positively and specifically name them. We believe that, since the Kansas Legis-

lature had already brought to public notice such a necessity, surely the Oklahoma Legislature could not have been unmindful of the need of naming toy pistols if it intended to include them. We believe that the Honorable Justice Mason's reasoning in his opinion on the above-cited case is well grounded and sheds some judicial light upon the question before us, where he says:

"Courts have sometimes overworked the rule of ejusdem generis—that such words 'and others,' following in a statute the enumeration of a number of articles should by construction be expanded into the phrase 'and others of the same kind.' But this rule is still a sound one, especially in the interpretation of a penal act, where its application gives to the language of the Legislature the meaning most probably intended, when all considerations bearing on the matter have been duly weighed. Here the dangerous weapons specifically named in the statute have a quality in common, bearing a clear relation to the evil to be remedied. They all (with the exception of the toy pistol, which, as noted in the opinion of the court, was inserted by amendment after the bill had been introduced) are weapons primarily intended and used to inflict injury upon human beings, and, generally speaking, serve no worthy purpose, but the quite exceptional one of self-defense. * * *"

If any weight whatsoever is to be given to such a judicial pronouncement in a case involving a shotgun, how can it be said that a toy pistol is a weapon "primarily intended and used to inflict injury upon human beings" and whose purpose is that of "self-defense"? It is thus our opinion that the toy pistol is not of the same class as the other weapons mentioned in the Oklahoma statutes involved, that it is not an "offensive or defensive weapon," and therefore its sale is not prohibited nor made unlawful in this state.

Nor do we believe that the act of the defendant D. Mose in handing the toy pistol here involved back to the plaintiff, after boring it out for him, could by any manner of logical reasoning be included in the meaning of the word "give," as it appears in section 1993, Comp. Okla. Stats. 1921. All such words as "give, loan, furnish," etc., in such statutes, imply the exercise of some dominion over the article transferred, which the defendant Mose undoubtedly never did, in this case, from the time of the pistol's sale to Morris Armstrong.

We have carefully examined the cases cited by defendant in error and find none of them authority on the point involved here. The only one of those cases that we deem worthy of mention is that of Mathews v. Caldwell (Ga.) 63 S. E. 250, but we consider it not in point, for in that case the pistol involved was capable of firing leaden bullets without alteration, while in the instant case there was no proof that the pistol involved could do such a thing without first being altered—in fact, the plaintiff himself testified that it could not.

It is, therefore, our opinion that it is within the province and is the duty of the trial court to interpret the law; that in this case it should have held as a matter of law that the acts of the defendants, as proven, constituted no violation of the statutes in question, and for that reason should have sustained a demurrer of the defendants to the evidence. Having upheld defendant's tenth assignment of error, we find it unnecessary to pass upon the others.

Judgment reversed and remanded to the lower court, with instructions that said cause be dismissed.

The Supreme Court acknowledges the aid of Attorneys L. H. Harrell and Denver N. Davison in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Harrell and approved by Mr. Davison, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.

OSBORN, V. C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur. McNEILL, C. J., disqualified and not participating.