No. 41,009

GEORGE E. JACKSON and KARL B. JACKSON, *Appellants,* v. STATE CORPORATION COMMISSION and TIDEWATER OIL COMPANY, *Appellees.*

(326 P. 2d 280)

Opinion filed June 7, 1958.

*George Forbes*, of Eureka, argued the cause, and *Thomas C. Forbes* and *Harold G. Forbes*, both of Eureka, were with him on the briefs for the appellants.

*Carl C. Chase*, of Eureka, argued the cause, and *Jack D. Jones* and *Harry D. Page*, both of Tulsa, Oklahoma, were with him on the briefs for Tidewater Oil Company, appellee; *Clyde E. Milligan*, General Counsel, and *Hollis B. Logan*, Assistant General Counsel, were on the briefs for the State Corporation Commission, appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the trial court dismissing plaintiffs' petition for judicial review of an order of the state corporation commission. We are first confronted with the commission's motion to dismiss the appeal in this court for the reason that plaintiffs' abstract failed to contain proper specifications of error. We have examined the motion and find it without merit. The determinative question is whether G. S. 1949, 55-606 requires that in order to state a cause of action a petition for judicial review must set forth specifications of error.

On December 4, 1956, plaintiffs-appellants, George E. Jackson and Karl B. Jackson (hereinafter referred to as plaintiffs), filed a complaint before defendant-appellee the state corporation commission (hereinafter referred to as commission) against defendant-appellee Tidewater Oil Company (hereinafter referred to as Tidewater), alleging that Tidewater was repressuring with salt water the Bartlesville formation under a large tract of land adjoining plaintiffs' lease, which repressuring flooded plaintiffs' wells. Plaintiffs alleged that Tidewater's acts were unlawful and contrary to the commission's orders, and prayed for an order directing Tidewater to cease and desist from injecting salt water into the producing formation within one-half mile of plaintiffs' lease, and permanently preventing Tidewater from allowing the escape of salt water into the oil-bearing formations underlying plaintiffs' lease.

The commission issued a temporary cease and desist order, and after a public hearing entered its order dated March 6, 1957, setting aside the cease and desist order and dismissing plaintiffs' complaint. Plaintiffs filed timely application for rehearing, which was denied.

Subsequently, plaintiffs filed their petition in this action against the commission in the Greenwood district court for judicial review

of the commission's order. Thereafter, Tidewater was allowed to intervene. The petition set out the allegations of fact leading to the complaint, the filing of the complaint, the issuance of the order, and the application for and denial of the motion for rehearing. The complaint and the commission's order and its memorandum opinion were attached to and made a part of the petition. Plaintiffs further alleged that Tidewater, subsequent to the entry of the commission's order had again begun the injection of salt water under pressure, causing the plaintiffs irreparable harm, in violation of the statutes and the rules of the commission.

Plaintiffs prayed for judicial review of the commission's order, for judgment in accordance with the allegations of the complaint filed with the commission, for judgment setting aside the order of the commission and for judgment clarifying or modifying an earlier commission order permitting Tidewater to repressure the producing formation in its block of leases.

The commission filed a motion to dismiss plaintiffs' petition on the ground that it stated no cause of action for judicial review, in that it did not specifically allege or set forth specifications of error on the part of the commission. The intervenor, Tidewater, joined the commission in its motion to dismiss. The court sustained the motion on the ground that under G. S. 1949, 55-606, in order to state a cause of action a petition seeking judicial review of a commission order must set forth the specifications of error committed by the commission.

G. S. 1949, 55-606 is a part of the statute applying to oil and gas and, more particularly, regulating the production of crude oil. This section sets out the procedure for judicial review of rules, regulations, orders and decisions of the state corporation commission. It is conceded that in their petition for judicial review plaintiffs did not specifically set forth or enumerate the errors committed by the commission. The question for decision is simply whether such specifications of error are necessary under the statute. The pertinent portions of 55-606 provide:

"Any action for judicial review of any rule, regulation, order or decision of the commission may be brought against the commission in the district court of any county in the state wherein the property affected thereby is located, . . . Before any such action may be brought . . . a petition for rehearing shall first be filed with the commission within ten days from the date of the making of the rule, regulation, order, or decision in question. . . . Such action may be brought by any person aggrieved, . . . within thirty days after the denial of the petition for rehearing, . . . such action shall

be tried and determined as other civil actions. In any such action an abstract of the record of all evidence and proceedings before the commission shall be filed by the complaining party and a counter abstract may be filed by the commission or any other interested party. The district court may, when it deems it necessary and in the interest of justice, remand any such action to the commission with directions that the same be further investigated or additional evidence taken by the commission. After making such further investigation or receiving such additional evidence the commission may change, modify or set aside the rule, regulation, order or decision in question, and if the party who instituted the action for review in the district court shall not be satisfied with such decision, then upon written request of any such party, the commission shall make a report of its further investigation and final decision and send a certified transcript of such additional evidence as 'may have been tendered by any party in interest to the district court and thereupon the district court shall proceed to hear and determine the action upon the complete record. The court shall not be bound by any finding of fact made by the commission. The authority of the court shall be limited to a judgment either affirming or setting aside in whole or in part the rule, regulation, order or decision of the commission. Appeals to the state supreme court may be taken from the judgment of the district court as in other civil actions. . . ."

It is apparent the legislature created a specific statutory action for judicial review of any rule, regulation, order or decision of the commission in oil and gas matters. The only prerequisite for the filing of such action is that a petition for rehearing first be filed with the commission within ten days after the date of the making of the commission's order or decision. The statute simply sets forth that a party may obtain judicial review of an order or decision of the commission by bringing an action for that purpose within thirty days after denial of a petition for rehearing, or if a rehearing is granted, within thirty days after final decision by the commission. The statute provides the action shall take precedence over civil actions of a different nature, and shall be tried and determined as are other civil actions. It provides the procedure, and the powers and duties of the district court. The details required in the petition cannot be determined from the requirements in other types of actions but must be determined from the provisions of this statute. At no place in the statute are specifications of error mentioned.

Comparison may be made with G. S. 1949, 66-118c, which provides for judicial review of an order of the commission on public utility matters. This particular statute provides that within thirty days after denial of an application for rehearing or within thirty days after the rendition of the decision on rehearing, the applicant may apply to the district court for a review of such order or decision. The statute further provides:

"The application for review shall be filed in the office of the clerk of the district court . . . and *shall specifically state the grounds for review upon which the applicant relies and shall designate the order or decision sought to be reviewed.*" [Emphasis supplied.]

G. S. 1949, 66-118c was first enacted in 1929 (L. 1929, ch. 220 § 3). The predecessor of G. S. 1949, 55-606 was enacted in 1931 (L. 1931, ch. 226, § 6) and amended to its present form in 1939 (L. 1939, ch. 227, § 5).

It must be assumed that the legislature, when it enacted 55-606 in 1931 and, as amended, in 1939, was aware of the existence of 66-118c with its provision for specifications of error (*State, ex rel., v. Moore,* 154 Kan. 193, 199, 117 P. 2d 598). In *Kansas-Nebraska Natural Gas Co. v. State Corporation Commission,* 176 Kan. 561, 271 P. 2d 1091, we said that although the provisions of the conservation act (55-606) are not in all respects the same as those contained in the public utilities act, the purpose and intent of a review statute is the same under both acts. (See also *White Eagle Oil Co. v. State Corporation Comm.,* 168 Kan. 548, 214 P. 2d 337.) In view of the similarity of the acts and the time sequence of their passage, it is clear to us that if the legislature had intended to require under 55-606 that specifications of error be set forth in the petition for review, it would have said so in unmistakable terms. Although in 55-606 the legislature followed the pattern of 66-118c, it omitted the necessity of setting forth specifications of error in the petition for judicial review. It must therefore be presumed that this omission was intentional. It is not the function of this court to read into a statute a provision which the legislature, in the exercise of its wisdom, omitted therefrom.

We are of the opinion that the legislature prescribed the procedure to be followed in an action for judicial review of an order or decision of the state corporation commission in matters pertaining to oil and gas, that the procedure is complete within itself and it is not necessary to look to other statutes providing for judicial review in determining the requirements under 55-606. Under the mentioned statute, a petition for judicial review need not set forth specifications of error on the part of the commission in order to state a cause of action. The judgment of the trial court is reversed and the case is remanded with directions to set aside the order of dismissal and reinstate the action.

It is so ordered.