No. 50,965

VINCENT ANTHONY ARREDONDO, *Appellant,* v. DUCKWALL STORES, INC., d/b/a ALCO DISCOUNT STORES, *Appellee.*

(610 P.2d 1107)

Opinion filed May 10, 1980.

*Joel K. Goldman,* of Schnider, Shamberg & May, Chartered, of Fairway, argued the cause and was on the brief for the appellant.

*Sally Williamson,* of Wallace, Saunders, Austin, Brown & Enochs, of Overland Park, argued the cause, and *Barton Brown,* of the same firm, was with her on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: The issue in this interlocutory appeal is whether the Kansas comparative negligence statute applies in an action for personal injuries where liability is premised upon violation of a statute prohibiting sale of explosives to minors. The trial court denied plaintiff's motion to strike from the answer defendant's

claim that the comparative negligence statute applies; plaintiff appeals.

The facts alleged and supported by plaintiff's deposition are these: On October 30, 1977, when plaintiff was 16 years of age, he purchased gunpowder from one of defendant's stores for use in reloading shotgun shells. He reloaded some shells and went duck hunting with friends. One of the shells jammed in plaintiff's shotgun. As plaintiff returned to the car, he was holding the gun by the barrel with his left hand, dragging it along with the stock on the ground behind him, when it discharged and shot him in the side. At the time of injury plaintiff had a Kansas hunting license and a federal duck stamp. Plaintiff claims that his injury was directly caused by defendant's sale of gunpowder in violation of K.S.A. 21-4209, which reads:

"(1) Unlawful disposal of explosives is knowingly selling, giving or otherwise transferring any explosive or detonating substance to:

"(a) A person under eighteen (18) years of age; or

"(b) An habitual drunkard or narcotic addict; or

"(c) A person who has been convicted of a felony under the laws of this or any other jurisdiction within five (5) years after his release from a penal institution or within five (5) years after his conviction if he has not been imprisoned.

"(2) Unlawful disposal of explosives is a class A misdemeanor."

Plaintiff claims that the comparative negligence statute, K.S.A. 60-258a, does not apply because its application would destroy the legislative intent and purpose of K.S.A. 21-4209. Plaintiff's cause of action is predicated upon the doctrine that actionable negligence occurs when one breaches a duty imposed by a criminal statute and an injury of the type intended to be prevented is proximately caused to another by the violation. *Noland v. Sears, Roebuck & Co.,* 207 Kan. 72, 483 P.2d 1029 (1971); *Denton v. Railway Co.,* 90 Kan. 51, 133 Pac. 558 (1913). Breach of duty, or negligence per se, results from a finding that the statute was violated. Liability follows if the violation is the proximate cause of injury. *Plains Transp. of Kan., Inc. v. King,* 224 Kan. 17, 25, 578 P.2d 1095 (1978); *Kendrick v. Atchison, T. & S. F. Rld. Co.,* 182 Kan. 249, Syl. ¶¶ 6 and 7, 320 P.2d 1061 (1958). In the usual negligence per se case, plaintiff's contributory negligence has been a defense. Restatement (Second) of Torts § 483 (1965) reads:

"The plaintiff's contributory negligence bars his recovery for the negligence of the defendant consisting of the violation of a statute, unless the effect of the statute is to place the entire responsibility for such harm as has occurred upon the defendant.

.   .   .   .

"Comment:

. . . .

"c. There are, however, exceptional statutes which are intended to place the entire responsibility for the harm which has occurred upon the defendant. A statute may be found to have that purpose particularly where it is enacted in order to protect a certain class of persons against their own inability to protect themselves. Thus a statute which prohibits the sale of firearms to minors may be clearly intended, among other purposes, to protect them against their own inexperience, lack of judgment, and tendency toward negligence, and to make the seller solely responsible for any harm to them resulting from the sale. In such a case the purpose of the statute would be defeated if the contributory negligence of the minor were permitted to bar his recovery.

"It is not within the scope of this Restatement to state the various types of statutes which have been enacted for such a purpose, nor the principles of statutory construction by which the purpose of a particular statute is to be determined."

Courts have found legislative intent to remove contributory negligence as a defense when the statute violated is one of two exceptional types: (1) the statute expressly removes the defense, as in the Federal Employers' Liability Act; and (2) such intent is found in the statute's character, its social purpose, and the background of the social problem and hazard to which it is directed, such as Child Labor laws. Prosser, *Contributory Negligence as Defense to Violation of Statute*, 32 Minn. L. Rev. 105, 119 (1948). Plaintiff's argument that K.S.A. 60-258a does not apply asserts that K.S.A. 21-4209 is within the second group of exceptional statutes and that plaintiff is a member of the special group to be protected by the statute such that allowing diminution of recovery based upon plaintiff's conduct would defeat the protective statute's purpose.

Our comparative negligence statute removes contributory negligence as a complete bar to recovery. It reads:

"(a) The contributory negligence of any party in a civil action shall not bar such party or said party's legal representative from recovering damages for negligence resulting in death, personal injury or property damage, if such party's negligence was less than the causal negligence of the party or parties against whom claim for recovery is made, but the award of damages to any party in such action shall be diminished in proportion to the amount of negligence attributed to such party. If any such party is claiming damages for a decedent's wrongful death, the negligence of the decedent, if any, shall be imputed to such party." K.S.A. 60-258a.

The statute requires a weighing of the causal negligence, if any,

of all parties whose conduct brought about the harm, and the consequent imposition of individual liability for damages based upon the proportionate fault of each party to the occurrence. See *Brown v. Keill,* 224 Kan. 195, 580 P.2d 867 (1978). If contributory negligence or an analogous defense *would not* have been a defense to a claim, the comparative negligence statute does not apply; if contributory negligence *would* have been a defense, the statute is applicable. In order to determine whether K.S.A. 21-4209 is an exceptional statute, the violation of which was not subject to the defense of contributory negligence and is not now subject to the doctrine of comparative negligence, we must first review the legislative history which may be indicative of legislative intent. In *Brown v. Keill,* 224 Kan. at 200, we said:

"In determining legislative intent, courts are not limited to a mere consideration of the language used, but look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished and the effect the statute may have under the various constructions suggested."

During the early years of statehood, our statutes dealt with possession or sale of certain firearms, but not with shotguns or explosives. The carrying of pistols or other deadly weapons by intoxicated persons was prohibited and made a misdemeanor by G.S. 1868, ch. 31, § 282. The sale of pistols, revolvers, or other dangerous weapons to minors or persons of unsound mind was forbidden by Laws of 1883, ch. 105, § 1. See G.S. 1949, 38-701. This court held, however, that the legislature did not intend to include shotguns when it used the phrase "other dangerous weapons" in the latter statute. *Parman v. Lemmon,* 120 Kan. 370, 244 Pac. 227, 44 A.L.R. 1500 (1926).

It was not until 1915 that the legislature enacted a statute regulating the sale of explosives. That act, Laws of 1915, ch. 272, is entitled:

"AN ACT providing *for public safety* by regulating the storage handling and disposition of dynamite, giant powder, nitro-glycerine gun cotton and other detonating explosives, providing penalties for violation of this act and repealing all acts in conflict herewith." (Emphasis supplied.)

It provided safety regulations for the storage of explosives, required that records be kept of all sales, and prohibited the sale or transfer of explosives to "any intoxicated or irresponsible person." It contained the following proviso: "[T]his act shall not include what is commonly known as black or blasting and gun

powder." Parts of the 1915 act, not here material, were found unconstitutional. *State v. Satterlee,* 110 Kan. 84, 202 Pac. 636 (1921). The statute, with the unconstitutional portion deleted, was re-enacted in 1923, and remained in effect until 1969. See R.S. 1923, 21-2444 *et seq.;* G.S. 1935, 21-2444 *et seq.;* G.S. 1949, 21-2444 *et seq.;* and K.S.A. 21-2444 (Corrick).

Though the heading or title given an act of the legislature forms no part of the statute itself, *State v. Logan,* 198 Kan. 211, 217, 424 P.2d 565 (1967), the language of the title cannot be ignored as an aid in determining legislative intent. *Baker v. Land Co.,* 62 Kan. 79, 82-83, 61 Pac. 412 (1900); *Mitchell v. State,* 61 Kan. 779, 784, 60 Pac. 1055 (1900). The title given the 1915 act as well as the content of the entire enactment lead to the inescapable conclusion that the act was one designed to protect the public safety, not merely to protect handlers of explosives or intoxicated or irresponsible persons.

This statutory prohibition against sale of explosives—not including gunpowder—to intoxicated or irresponsible persons continued until our present criminal code was enacted and K.S.A. 21-2444 to 21-2449 (Corrick) were repealed. Article 42 of chapter 180 of the 1969 Laws, entitled "Crimes Against the Public Safety," includes four sections concerning explosives, §§ 4207, 4208, 4209 and 4210, now K.S.A. 21-4207 to 4210 inclusive. In addition to § 4209, quoted above, these sections define the offenses of failure to register sale of explosives (§ 21-4207), failure to register receipt of explosives (§ 21-4208), and carrying concealed explosives (§ 21-4210).

The 1969 Kansas Criminal Code, K.S.A. 21-3101 *et seq.,* was a thorough revision of the Kansas criminal statutes, the result of five years of study by the Kansas Judicial Council. The Council's comments on the various sections, originally published in the Judicial Council Bulletin in April, 1968, have been edited by the Revisor of Statutes and are now printed in the Kansas Statutes Annotated. These comments, published before the code was enacted by the legislature, are helpful in determining legislative intent. The Council's comments to K.S.A. 21-4209 are:

"Former K.S.A. 21-2445 prohibited sales of explosives to any 'intoxicated or irresponsible person.' If sales are to be prohibited in the interests of public safety, it would appear that the class to whom sales are prohibited might properly be enlarged to include narcotic addicts and recent felons, thus paralleling the firearms section."

Appellant seizes upon the latter portion of this comment, "paralleling the firearms section," to find legislative intent that the explosives acts are primarily intended to be protective of children. He relies upon the placement of the 1883 firearms act in the chapter of the General Statutes devoted to minors to support this claim. However, in the first official General Statutes published after the enactment, the sections were placed in the chapter on Crimes and Punishment. See G.S. 1897, ch. 100, §§ 303, 304. In 1915 the sections appeared for the first time in the official General Statutes in the chapter devoted to minors. See G.S. 1915, ch. 78, §§ 6400, 6401. They remained in that chapter for the next 54 years. As this history illustrates, the placement of a law in a particular location in the General Statutes by the compiler is not persuasive as to the intent of the legislature which enacted it.

In 1969, the firearms and explosives sections were grouped together in article 42 of chapter 21 as "Crimes Against the Public Safety." This placement and caption were the result of legislative action. The Judicial Council comment acknowledges the public safety purposes of the act. Sale or transfer of either handguns or explosives to minors, habitual drunkards, narcotic addicts, or recently convicted felons might result in injury to the purchaser or transferee, but injury to the public seems more probable and is the more logical and compelling reason for the enactment of both the firearms and the explosives acts. We cannot attribute the purpose of protecting minors, habitual drunkards, narcotic addicts, or felons from themselves as the impelling reason for this enactment; the safety of the public—including minors and the other classes—is the paramount purpose.

Appellant contends that the legislative prohibition of sales of firearms to minors is evidence of the legislative intent to protect minors from themselves through both firearms and explosives control. K.S.A. 21-4203, however, prohibits the sale of *handguns* to minors or to recently convicted felons; it prohibits the sale of *any firearm* to habitual drunkards or narcotics addicts; but it *permits* the sale of shotguns and rifles—weapons having a barrel over 12 inches in length—to minors. Likewise, K.S.A. 21-4204 does not make it unlawful for minors to possess firearms. We are not unaware of the provisions of 18 U.S.C. 922 § (b)(1) which make it unlawful for licensed dealers to sell any firearm or ammunition—including gunpowder—to any person known or believed to

be under 18 years of age; but the provisions of that act are not helpful in determining the intent of the Kansas legislature in enacting K.S.A. 21-4209.

Appellee, on the other hand, contends that the statute is inapplicable here. It asserts that gunpowder is not within the term "explosives." The *Parman* case forms the basis for this claim. In *Parman v. Lemmon,* 119 Kan. 323, 244 Pac. 227 (1925), a majority of this court held that a shotgun was a "dangerous weapon" as that term was used in R.S. 1923, 38-702. A violation of that statute by the defendant, a father who gave his 14-year-old son a shotgun, resulted in the father's liability for damages to one who was injured by the negligent shooting of the gun by the minor. Upon rehearing, a majority of the court reversed the former opinion, adopted a dissent to the first opinion as the controlling voice of the court, and held that shotguns do not come within the purview of "dangerous weapon," as used in R.S. 1923, 38-702. The injured plaintiff in *Parman* was not the minor to whom the shotgun was transferred; he was a member of the general public.

*Parman* is not authority for declaring gunpowder outside the purview of the term "explosives." Webster's Third New International Dictionary defines gunpowder as "a black or brown explosive . . . ." In a fire prevention statute, the legislature recognizes gunpowder as an explosive. The state fire marshal is directed to adopt rules and regulations for the safeguarding of life and property from the hazards of explosion, which regulations shall include:

"(1) The keeping, storage, use, sale, handling, transportation or other disposition of . . . explosives, including gunpowder . . . ." K.S.A. 1979 Supp. 31-133.

When the present criminal code was enacted, the legislature repealed K.S.A. 21-2444 (Corrick), which had exempted sales of gunpowder. By repealing and not re-enacting the statutory exemption the legislature must have intended to include gunpowder as a regulated explosive. "It is not the function of this court to read into a statute a provision which the legislature, in the exercise of its wisdom, omitted . . . ." *Jackson v. State Corporation Commission,* 183 Kan. 246, 250, 326 P.2d 280 (1958). We conclude that gunpowder is an explosive, the disposition of which is regulated by K.S.A. 21-4209.

Cases from other jurisdictions considering defenses to actions

predicated upon violations of explosive and firearm statutes are instructive. The statutes vary, however, and the decisions are not consistent as to whether the traditional defenses apply. See Annot., 75 A.L.R.3d 825.

Perhaps the leading case barring traditional negligence defenses to actions for violation of laws prohibiting the sale of guns or explosives to minors is *Tamiami Gun Shop v. Klein,* 116 So. 2d 421 (Fla. 1959). The gun shop sold a 30/30 Winchester Model 94 rifle to a 16-year-old, who lost a thumb when the weapon accidentally discharged. The Florida court found legislative intent to remove the defense of contributory negligence, held the law violated by the gun shop came within the purview of Restatement (Second) of Torts § 483, Comment *c,* and discharged the writ of certiorari.

A contrary holding is that of *Zamora v. J. Korber & Co.,* 59 N.M. 33, 278 P.2d 569 (1954). The plaintiff when 12½ years of age purchased a .22 caliber rifle from the defendant. The sale violated an ordinance of the city of Albuquerque prohibiting sales of firearms to persons under 16. Plaintiff was described as a normal boy in the 8th grade in school. He fired at a rock from a distance of 9 or 10 feet. The bullet hit the rock and rebounded, striking the boy in the left eye causing its loss. The trial court entered a directed verdict in favor of defendant on the issue of contributory negligence. The New Mexico Supreme Court reversed, saying:

"We conclude that it was for the jury, in view of all the pertinent considerations of age, maturity, intelligence, experience, and so forth, to decide, under proper instructions on the law, whether or not the boy was guilty of contributory negligence. [Citations omitted.] The case should have been submitted to the jury, and, therefore, the trial court erred . . . ." (p. 36.)

Other cases following *Tamiami* or *Zamora* could be cited, but they would not aid in determining the matter at hand.

The primary purpose of K.S.A. 21-4209 is to protect the general public. An incidental consideration is the protection of those classes enumerated—minors, alcoholics, addicts, felons.

It is now the declared public policy of this state, speaking through the legislative voice, that the parties whose conduct brings about death, personal injury, or property damage, bear responsibility based upon the proportionate fault of each actor. The protective purpose of K.S.A. 21-4209 and similar statutes will

not be defeated by the utilization of the comparative negligence statute. Not all minors to whom weapons or explosives are sold in violation of statute are members of a class unable to protect themselves and unaware of the dangers involved. For example, if the injured minor is so young that he or she has *no* appreciation of the danger, no percentage of negligence should be assessed to such a person. On the other hand, if he or she has had special training (the hunting safety course prescribed by K.S.A. 32-401 for those seeking hunting licenses, for example) and if he or she is older, more mature, and has had experience with firearms or explosives, a higher standard of care could well be imposed and a percentage of the causal negligence assigned to such person by the trier of fact.

We have not overlooked other points raised or the many authorities cited by industrious counsel, but we find the points without merit and the authorities unpersuasive.

The judgment is affirmed.

HERD, J.: I respectfully dissent from the opinion of the majority. For public safety reasons, minors as well as habitual drunkards, narcotics addicts and felons are prohibited from obtaining any explosives or detonating substances by the provisions of K.S.A. 21-4209. In addition to public safety reasons, I believe the statute operates to protect a class of persons traditionally protected under the law, namely minors. I find the statute intended to protect minors from "their own inexperience, lack of judgment, and tendency toward negligence" in prohibiting the sale or transfer of explosives to them. Restatement (Second) of Torts § 483 (1965). The comparative negligence statute should not apply.