David **HERNANDEZ**, Plaintiff,

v.

**HARDAGE HOTELS I, L.L.C.,**
et al., Defendants.

David Hernandez, et al., Plaintiffs,

v.

**Hardage Hotels I, L.L.C.,**
et al., Defendants.

Nos. 97–2351–JWL, 98–2032–JWL.

United States District Court,
D. Kansas.

Feb. 16, 1999.

William H. Pickett, William H. Pickett, P.C., Kansas City, MO, Michael E. Callen, Kansas City, KS, for plaintiffs.

James M. Kirkland, Blackwell Sanders Peper Martin, LLP, Kansas City, MO, Kristopher A. Kuehn, Michael Kuckelman, Jeffrey A. Kennard, Blackwell Sanders Peper Martin, LLP, Overland Park, KS,

Daniel P. Hanson, Hanson & Gurney, Overland Park, KS, for defendants.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

On December 16, 1998, following a trial on the merits of plaintiffs' premises liability claims, the court granted judgment in favor of David Hernandez and against defendant Hardage in the amount of $21,030.10 and against defendant Residence Inn by Marriott, Inc./Marriott International, Inc. in the amount of $6,008.60. The order further granted judgment in favor of plaintiff Daniel Fry against defendants Hardage and Residence Inn by Marriott, Inc./Marriott International, Inc., jointly and severally, in the amount of $4,112.00. The order further granted judgment against defendants Hardage and Residence Inn by Marriott, Inc./Marriott International, Inc., jointly and severally, in the amount of $500.00.

The parties have filed several post-trial motions. Presently before the court are the following: defendants' motion for reduction of the judgment (doc. 135), defendants' motion to alter or amend the judgment (doc. 136), and plaintiff David Hernandez's motion for new trial (doc. 138). For the reasons set forth below, plaintiff Hernandez's motion for new trial is denied, and both of defendants' motions are granted.

## I. Defendants' Motion for Reduction of the Judgment

Defendants move for a reduction of the judgment awarded plaintiff David Hernandez pursuant to Kan.Stat.Ann. § 40–275. Section 40–275 provides that advance partial payment of damages shall constitute a credit deductible from any final judgment rendered. Kan.Stat.Ann. § 40–275 (1994). Defendants have presented evidence that, pursuant to its insurance policy covering defendant Hardage, St. Paul Insurance Company issued payments totaling $1,587.89 to health care providers on Mr. Herndandez' behalf. Plaintiffs have not responded to the motion. The court therefore considers the evidence of payment uncontroverted. In accordance with Kan. Stat.Ann. § 40–275, and in light of the undisputed nature of defendants' motion, the court concludes that defendant Hardage has partially satisfied the judgment and is entitled to a credit in the amount of $1,587.89. Consequently, the damages owed Mr. Hernandez by defendant Hardage are reduced from $21,030.10 to $19,442.21.

## II. Defendants' Motion to Alter or Amend the Judgment

Additionally, defendants move under Fed.R.Civ.P. 59(e) to alter or amend the judgment pursuant to K.S.A. § 60–258a. Defendants argue that the court erred in failing to adjust the damages awarded plaintiffs to reflect the parties' proportionate fault. First, defendants contend, the damages awarded to plaintiffs Daniel Fry and Andrew Boswell must be reduced by ten percent to reflect the degree of fault the jury found attributable to plaintiff David Hernandez. Second, with respect to plaintiffs Andrew Boswell and Daniel Fry, defendants object to the court's entry of defendants' liability as "joint and several," rather than in proportion to the amount of fault attributed to Hardage and Residence Inn by Marriott, Inc./Marriott International, Inc., seventy and twenty percent, respectively. Plaintiffs have not responded to defendants' motion, and the court deems it unopposed pursuant to D.Kan.Rule 7.4.

The Kansas comparative negligence statute, Kan.Stat.Ann. § 60–258a, requires the jury to apportion the fault of those responsible "for negligence resulting in death, personal injury, property damage, or economic loss." Kan.Stat.Ann. § 60–258a; *Arredondo v. Duckwall Stores, Inc.,* 227 Kan. 842, 610 P.2d 1107, 1110 (1980). That statute abolishes joint and several liability among tortfeasors, and assesses damages based on proportionate individual liability. *See* Kan.Stat.Ann. § 60–258a(d);

*Hefley v. Textron, Inc.,* 713 F.2d 1487, 1496 (10th Cir.1983).

■ In this case, the jury returned a verdict in favor of plaintiff David Hernandez against defendants Hardage Hotels, I, L.L.C. ("Hardage") and Residence Inn by Marriott, Inc./Marriott International, Inc. and found that his damages were in the amount of $30,043.00. The jury further found in favor of plaintiff Daniel Fry against defendants Hardage and Residence Inn by Marriott, Inc./Marriott International, Inc. and found that his damages were in the amount of $4,112.00. The jury further found in favor of plaintiff Andrew Boswell against defendants Hardage and Residence Inn by Marriott, Inc./Marriott International, Inc. and found that his damages were in the amount of $500.00. The jury's verdict apportioned fault in the following manner:

David Hernandez (0%–100%). . . . . . . . . . . . .10%
Hardage Hotels I, L.L.C. (0%–100%). . . . .70%
Residence Inn by Marriott, Inc./Marriott
 International, Inc. (0%–100%) . . . . . . . . .20%

In accordance with Kan.Stat.Ann. § 60–258a, and in light of the undisputed nature of defendants' motion, the court concludes that an error in the entry of judgment with respect to Mr. Boswell and Mr. Fry was committed. The court will, therefore, adjust the damage awards to reflect each defendant's proportionate share of liability. Accordingly, the judgment is hereby modified to reflect that Hardage is liable for seventy percent of the total damages awarded Mr. Fry and Mr. Boswell, or $2,878.40 and $350.00, respectively, and that defendant Residence Inn by Marriott, Inc./Marriott International, Inc. is liable for twenty percent of the total damages awarded Mr. Fry and Mr. Boswell, or $822.40 and $100.00, respectively.

## III. Plaintiff's Motion for New Trial on Damages

Mr. Hernandez contends that a new trial is proper because the jury's verdict is clearly against the weight of the evidence because it awards inadequate damages. The court disagrees, and instead concludes that, in light of the evidence presented at trial, the verdict is not so inadequate as to merit a new trial on the issue of damages.

■ Motions for a new trial are committed to the sound discretion of the trial court. *McDonough Power Equip., Inc. v. Greenwood,* 464 U.S. 548, 556, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984); *Hinds v. General Motors Corp.,* 988 F.2d 1039, 1046 (10th Cir.1993). They are "not regarded with favor and should only be granted with great caution." *United States v. Kelley,* 929 F.2d 582, 586 (10th Cir.1991). Where a jury's verdict is challenged as contrary to the evidence, the court's "inquiry focuses on whether the verdict is clearly, decidedly or overwhelmingly against the weight of the evidence." *Black v. Hieb's Enters., Inc.,* 805 F.2d 360, 363 (10th Cir.1986).

Mr. Hernandez claims that, in light of the evidence presented at trial, the flagrant inadequacy of the verdict undoubtedly suggests that the jury's deliberations were tainted by improper motive, bias, or prejudice. Before addressing the merits of this contention, the court will first review the standards governing a trial court's assessment of the adequacy of jury awards.

■ Commensurate with the jury's fact-finding function, it is a well-settled principle that "the jury, which has the first-hand opportunity to hear testimony and observe the demeanor of witnesses, has discretion to fix damages." *Sanjuan v. IBP, Inc.,* 160 F.3d 1291, 1300, 1301 (10th Cir.1998) (applying Kansas law). The jury "is clothed with a wide latitude and discretion in fixing damages pursuant to the court's instructions, deemed proper to fairly compensate the injured party." *Mason v. Texaco, Inc.,* 948 F.2d 1546, 1559 (10th Cir.1991), *cert. denied,* 504 U.S. 910, 112 S.Ct. 1941, 118 L.Ed.2d 547, (1992) (citation omitted). A jury's award of damages will not be disturbed unless the award is so unreasonable "as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption,

or other improper cause invaded the trial." *Sanjuan,* 160 F.3d at 1300–01 (citation omitted).

■ A careful review of the jury's verdict reveals nothing that causes a shock to the court's conscience. The jury was instructed to enter an award to fairly compensate Mr. Hernandez for the damages resulting from his injury, including past and future economic damages, past and future medical expenses, and past and future pain and suffering. The jury's verdict, totaling $30,043.00, specifically awarded $4,143.00 for past medical expenses, $1,900.00 for future medical expenses, $4,000 for past economic loss, and $20,000 for past pain and suffering. Although plaintiff emphatically argues that this verdict is so insubstantial that it directly contradicts the "clear, uncontroverted and unimpeached evidence" of the permanence and extent of Mr. Hernandez' injury, the court disagrees.

First, the court concludes that the absence of any award for future economic and non-economic damages does not raise the inference that the jury's deliberations were affected by passion, prejudice, corruption, or other improper cause. As the arbiter of the facts presented at trial, the jury was entitled to accord as much, or as little, weight to the testimony presented with respect to the permanence of Mr. Hernandez' injury. Although Mr. Hernandez testified that he was forced to stop working as a journeyman carpenter due to the eye injury suffered on January 20, 1996, Mr. Hernandez' testimony also revealed that he worked 2,431 hours in 1996, and 2,121 hours in 1997 as a carpenter. Plaintiffs' own expert testified that full-time employment for a journeyman carpenter is 2,080 hours per year; Mr. Hernandez was, therefore, able to continue his work as a carpenter on a more than full-time basis for almost two years following the incident. Furthermore, plaintiff Andrew Boswell testified that, at approximately the same time that Mr. Hernandez

lost his job, Mr. Boswell was also laid off from his job as a journeyman carpenter. According to his testimony, Mr. Boswell's job loss was caused by a shortage of work in the carpentry industry. The jury was, therefore, certainly entitled to determine that the loss of Mr. Hernandez' job was due not to his eye injury, but instead to the shortage of work in Mr. Hernandez' field. If the jury so concluded, an award of future wages and future non-economic damages would be unnecessary, and contrary to the jury's instructions.

Likewise, with respect to the severity of Mr. Hernandez' injury, the jury had the opportunity to observe Mr. Hernandez, to weigh his testimony, and to determine the amount of damages to which Mr. Hernandez was fairly entitled. The jury heard testimony from Mr. Hernandez that his eye constantly teared, that his field of vision was blurred, that his condition required him to continuously dab his eye with a tissue, and that his work was disrupted as a result. Nevertheless, based on its observation of Mr. Hernandez' actions and demeanor while testifying, it is entirely possible that the jury only believed that Mr. Hernandez' injury affected his ability to work for a limited period of time following the incident, and thus that an award of lost wages in the amount of $4000, rather than the considerably larger amount requested by Mr. Hernandez, was appropriate. Such a finding comports with the jury's failure to award future economic and non-economic damages.

Furthermore, the jury was also presented with ample evidence from Mr. Hernandez' own medical experts, both ophthalmologists, which could have been viewed by the jury as conflicting with Mr. Hernandez' testimony regarding the severity of his eye injury. For example, Dr. Badeen testified that although he too suffers from the presence of "floaters," the condition Mr. Hernandez claims rendered him unable to perform carpentry work,[1] Dr. Ba-

---

1. The evidence presented at trial established that "floaters" are small pieces of detached

deen is nevertheless able to perform microsurgery on human eyes. In light of Dr. Badeen's testimony, it was certainly within the province of the jury to determine that if retinal microsurgery is feasible despite floaters, so too are the job duties of a journeyman carpenter. Additionally, both doctors testified that, with corrective lenses to compensate for Mr. Hernandez' pre-existing myopia, Mr. Hernandez has 20/20 vision. The jury could infer from that fact that, with corrective lenses, Mr. Hernandez' vision is less disabling than he claims. Moreover, Dr. Santiago explained that 20–25% of the general population and 20–50% of adults over 50 who are nearsighted also experience the presence of floaters in one or both eyes. From this evidence, the jury could infer that, rather than resulting from the Residence Inn incident, Mr. Hernandez' floaters were naturally-occurring. In light of the potential conflicts between Mr. Hernandez' subjective complaints and the testimony elicited by defendants from plaintiffs' medical experts, the court cannot say that the verdict is so inadequate as to suggest that the jury's deliberations were improperly guided.

 Mr. Hernandez further contends that the jury's award of future medical expenses indicates that the jury recognized the permanence of Mr. Hernandez' injury, and that the jury erred in failing to award corresponding future economic and non-economic damages. To support this theory, Mr. Hernandez offers nothing more than the purely conjectural allegation that the jury deliberately ignored the evidence of future economic and non-economic damages. In the absence of any authority or concrete evidence to support Mr. Hernandez' position with respect to this issue, the court cannot rule that an award of future medical damages mandates a simultaneous award of future economic and non-economic damages, or that the jury's verdict should be disturbed for its failure to include such damages.

Finally, as for Mr. Hernandez' contention that defendants' failure to offer "testimony of their own, whether lay or expert, on anything, much less on [the issue of] damages," the court notes that the defendants bore no burden to disprove any damages claimed by Mr. Hernandez. On the contrary, the burden to establish the existence of damages rests with plaintiff, and, therefore, it was incumbent upon plaintiff to prove, by a preponderance of the evidence, the nature and extent of his injury. The jury was charged with the duty to determine whether Mr. Hernandez carried his burden at trial, and, understandably to Mr. Hernandez' dismay, found against him with respect to the amount of damages claimed.

In short, plaintiff's motion for a new trial on the issue of damages is denied. The court is not persuaded that this is an exceptional case where the verdict is clearly, decidedly, or overwhelmingly against the weight of the evidence. On the contrary, whether or not this verdict represents how the court would have decided the case, the verdict was supported by ample evidence, and it would be inappropriate for the court to disturb the jury's resolution of the case on the basis of allegedly inadequate damages.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to reduce the judgment for advance payments made to plaintiff David Hernandez (doc 135) is granted.

IT IS FURTHER ORDERED THAT defendants' motion to alter or amend the judgment (doc. 136) is granted.

IT IS FURTHER ORDERED THAT plaintiff David Hernandez' motion for new trial (doc. 138) is denied.

**IT IS SO ORDERED.**

---

retinal tissue suspended in the vitreous jelly of the eye. In lay terms, floaters are the amoe-

boid shapes that will occasionally "float" across a person's field of vision.